LOTTINGER, Judge.
This is a suit by Lem Hampton, petitioner, for damages and to have an act of release executed by him„declared a.nullity. The defendants are The Department of Highways of the State of Louisiana, Yuba Consolidated Industries Inc., as contractor,. B. M. McNabb Contractor, Inc., the subcontractor, and Fireman’s Fund Insurance Company, as surety. The defendants filed exceptions of res judicata and no cause or right of action, which exceptions were maintained by the Lower Court. The petitioner has taken this appeal.
The petition discloses that petitioner is the owner of a certain tract of land situated in the village of Tangipahoa, Tangipahoa Parish, Louisiana. On or about May 19, 1959, he granted a right-of-way over his said property to the Louisiana Department of Highways for the purposes of construction, improvement and maintenance of State Route 1050. Under the right-of-way grant signed by petitioner, the Department of Highways, its engineers, agents and/or contractors wer'e obligated to remove from the right-of-way all buildings and improvements and to relocate them on the remaining land of petitioner. Under this agreement, the eight-room rental house owned by petitioner and which was located partly on the right-of-way, was to be relocated on his remaining property without expense to him.
During November of 1959, a contract was entered into between the Department of Highways and Nichols-Southern Division of Yuba Consolidated Industries Inc., which contract was subject to the provi *131 sions of the right-of-way grant. The Fireman’s Fund Insurance Company was surety on the bond of the said contractor. The work under the contract was then sub-contracted to B. M. McNabb Contractor, Inc.
During January of 1960 the employees of the sub-contractor tore down petitioner’s house and hauled some of the material away. The petition claims that the defendants have violated the obligations assumed in the right-of-way deed, and filed suit for damages.
The defendants first filed an exception of res judicata, wherein it was alleged that on January 20, I960 petitioner granted a release of his claim to the defendant, Nichols Construction Company. The defendants also filed an exception of no cause or right of action. Subsequent to the filing of these exceptions, the petitioner filed a supplemental and amended petition wherein he alleged that the alleged release was procured by fraud, error, mistake, and misrepresentation, and without consideration, and/or for an inadequate consideration, and that said release should be declared null and void. After hearing on the exceptions, they were maintained by the Lower Court, and the petitioner has taken this appeal.
The record discloses that the petitioner is a colored person with no schooling whatsoever. Although he can sign his name, he is unable to read and write. The release, which is filed in the record, fails to mention any consideration for same. As a matter of fact at the hearing of the exceptions, the plaintiff testified that he has not received anything from the Highway Department for his damages.
Article 3078 of the LSA-Civil Code gives to a transaction or compromise the same binding effect as a judgment. Therefore the same rules of pleading and practice would apply when it is attacked upon the ground of nullity as would apply in a suit to rescind a definitive judgment. These rules are set forth in the Articles of the Code of Practice, articles 607, 610 (now LSA-C.C.P. Articles 2004 2006), and are discussed in the suit entitled Chapin v. Federal Transportation Company, La.App., 70 So.2d 189. The law, as set forth in said suit, favors a cumulation of action in order to prevent a multiplicity of suits, and furthermore an action in damages can be coupled with a suit for nullity. As both of the actions herein arose from the same transaction, we feel that the Lower Court erred in sustaining the exception of res judicata and of no right or cause of action, both of which exceptions were based upon the release which is sought to be annulled.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and this suit will be remanded to the Lower Court for further proceedings, all costs of this appeal are to be paid by defendants.
Judgment reversed and remanded.