577 So.2d 742 (1991)
W.J. BONAVENTURE, Jr. and W.J. Bonaventure, Jr. Contracting Company, Inc.
v.
Lorraine POURCIAU, Wayne Pourciau, Guaranty Bank and Trust Company and George F. Delaune.
No. CA 89 2117.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Rehearing Denied May 2, 1991.
*744 John H. Brooks, Gretna, for plaintiff-appellant.
Edmund J. Schmidt, III, Jefferson, for defendants-appellees Lorraine and Wayne Pourciau.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
LANIER, Judge.
This action commenced as a suit for damages in tort. The plaintiffs were W.J. Bonaventure, Jr. and W.J. Bonaventure, Jr. Contracting Company, Inc. (hereinafter referred to collectively as Bonaventure). The defendants were Lorraine and Wayne Pourciau (hereinafter referred to collectively as Pourciau), Guaranty Bank and Trust Company and George F. Delaune.

PROCEDURAL FACTS
This matter was scheduled for a trial by jury on August 1, 1988. The trial court minute entry for that date indicates a partial compromise of this action was reached and a "stipulated agreement and partial release shall be executed between ..." Bonaventure and Pourciau.
On September 13, 1988, the trial court signed a "STIPULATED JUDGMENT" which, among other things, ordered that "all claims and causes of action by plaintiffs on their main demand against Lorraine Pourciau and Wayne Pourciau are dimissed [sic] with prejudice." This document contains the statement that "FORM AND SUBSTANCE OF STIPULATED JUDGMENT APPROVED" and is signed by the attorneys for Bonaventure, Pourciau and Delaune.
On October 5, 1988, Bonaventure, through a new attorney, filed a motion and order to vacate the compromise.[1] The letter used to transmit this pleading is in the record and has a notation on it from the trial judge, which is dated October 6, 1988, and states "Before I sign the attached order I will require a memorandum of authorities on (1) the right to attack a compromise on the basis stated, and (2) the procedure for vacating and setting aside a final judgment."
On November 29, 1988, Bonaventure's new attorney filed an amended motion and order which alleged the following: The settlement agreed upon between the plaintiffs and Lorraine Pourciau is adverse to the interest of justice and unlawful by reason of the fact that the settlement is without consideration and was convected [sic] on the basis of error and on the basis of fraud as that term is defined in the Civil Code. (Emphasis added)
This pleading prayed that "Lorraine Pourciau and Wayne Pourciau show cause ... why the settlement confected on August 1, 1988 should not be vacated and set aside."
On December 6, 1988, Pourciau, through counsel, filed a dilatory exception raising the objection of improper use of summary proceedings asserting that Bonaventure could not collaterally attack the September 13, 1988 judgment by a summary proceeding, and could only proceed with an ordinary proceeding in a new suit. On February 9, 1989, Bonaventure filed a motion to add Pourciau back in as parties defendant in this case. On February 17, 1989, Pourciau filed a peremptory exception raising the objection of res judicata asserting that the September 13, 1988 judgment was definitive. On February 21, 1989, the trial court rendered judgment sustaining the dilatory and peremptory exceptions and dismissing Bonaventure's motions with prejudice. Bonaventure took this appeal.

PROPER PROCEDURE TO NULLIFY A CONSENT JUDGMENT
Bonaventure asserts the trial court "erred in treating the matter at bar as a petition for nullity and in denying the plaintiffs an evidentiary hearing." They contend that Pourciau entered into an agreement of compromise with them and it can be attacked in a summary proceeding. *745 They assert the mere fact that the compromise was reduced to a consent judgment should not make it immune from such an attack.

Objection of Unauthorized Use of Summary Proceeding
Summary proceedings are provided for in La.C.C.P. arts. 2591 through 2596. A summary proceeding is one which is conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all formalities required in ordinary proceedings. La.C.C.P. art. 2591. Summary proceedings may be used only in those matters in which the law permits them to be used. La.C.C.P. art. 2592; State ex rel Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957). At all times pertinent hereto, those matters were set forth in La.C.C.P. art. 2592[2] as follows:
(1) An incidental question arising in the course of judicial proceedings, including the determination of reasonableness of attorney's fees.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of child custody, alimony, child support in behalf of minor children, support between ascendants and descendants, and visitation rights.
(9) An action to annul a probated testament under Article 2931.
(10) An action to enforce the right to a written accounting provided for in R.S. 9:2776.
(11) All other matters in which the law permits summary proceedings to be used.
An objection to the unauthorized use of summary procedure is raised through the dilatory exception. La.C.C.P. art. 926(3).
A judgment is the determination of the rights of the parties in an action. La.C.C.P. art. 1841. A final judgment must be written, signed and identified by appropriate language. La.C.C.P. arts. 1911, 1912 and 1918. A substantive amendment of a final judgment can only be made by a timely application for a new trial, La.C.C.P. art. 1971 et seq., an action for nullity, La.C.C.P. art. 2001 et seq., or a timely appeal, La.C.C.P. art. 2081 et seq. Hurst v. Ricard, 558 So.2d 1269 (La.App. 1st Cir.), writ denied, 559 So.2d 1378 (La. 1990). La.C.C.P. art. 2004 provides as follows:
Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
*746 An action for nullity of a final judgment alleging fraud pursuant to La.C.C.P. art. 2004 must be brought in an ordinary proceeding; there is no authority in law to bring such an action in a summary proceeding. Johnson v. Vinson Guard Service, 577 So.2d 56 (La.App. 1st Cir.1990); Willis v. Travelers Insurance Company, 545 So.2d 721 (La.App. 3rd Cir.1989); LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La. App. 3rd Cir.1980); Welch v. Crown-Zellerbach Corp., 365 So.2d 586 (La.App. 1st Cir.1978).
A compromise is defined in La. C.C. art. 3071 as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
Further, La.C.C. art. 3078 provides as follows:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
A compromise agreement which forms the basis for a consent judgment gets its binding force and effect from the consent of the parties.[3]Ritchey v. Azar, 383 So.2d 360 (La.1980). The nature of a pleading must be determined by its substance, not by its caption. La.C.C.P. art. 865; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Belser v. St. Paul Fire & Marine Insurance Company, 542 So.2d 163 (La.App. 1st Cir.1989). The pleadings filed by Bonaventure seek to nullify the compromise (which was reduced to a consent judgment) on grounds of failure of consideration, fraud and error. An action to nullify a compromise agreement, whether the agreement has been reduced to a judgment or not, is subject to the same rules of pleading and practice as an action to nullify a final judgment. Machost v. Brown, 298 So.2d 109 (La.App. 1st Cir.), writ denied, 302 So.2d 21 (La.1974); Hampton v. B.M. McNabb Contractor, Inc., 143 So.2d 130 (La.App. 1st Cir.1962); Chapin v. Federal Transportation Co., 70 So.2d 189 (La.App. 1st Cir.1953). Thus, whether Bonaventure's pleading is denominated an action to nullify a final judgment, a consent judgment or a compromise, it should have been brought as an ordinary proceeding, rather than as a summary proceeding. The trial court judgment sustaining the dilatory exception is correct.
However, the sustaining of a dilatory exception raising the objection of unauthorized use of summary proceedings should not result in the dismissal of the action. In State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671, 678-679 (La.1973) appears the following:
In the instant cases, a timely filed dilatory exception pleaded unauthorized use of summary proceeding. La.C.C.P. art. 926(3). Article 933 provides that when grounds such as this are pleaded in the dilatory exception and "may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for noncompliance with this order."
*747 Instead of dismissing the suits, the judgment should have permitted amendment converting them, if the plaintiff desired, to ordinary actions within a reasonable specified period, with a dismissal to result only from noncompliance with this order.

Objection of Res Judicata
The doctrine of res judicata, as it existed at all times pertinent hereto,[4] is discussed in Hurst v. Ricard, 558 So.2d at 1273 as follows:
The doctrine of res judicata conclusively presumes the correctness of a definitive judgment and precludes the relitigation of the judgment.... Pursuant to La.C.C.P. art. 1842, a final judgment is definitive when it has acquired the authority of the thing adjudged. A thing adjudged is defined in La.C.C. art. 3556(31) as follows:
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal. (Emphasis added.)
Relitigation of the object of a definitive judgment is barred by the doctrine of res judicata when: (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; (3) the demand is between the same parties and is formed by them against each other in the same quality. La.R.S. 13:4231. The objection of res judicata raises the issue procedurally in a peremptory exception. (Citations omitted)
It is well settled that a judgment cannot be res judicata to a suit to annul it. DLJ of Louisiana # 1 v. Green Thumb, Inc., 376 So.2d 121 (La.1979); Alexander v. Alexander, 196 So.2d 628 (La.App. 1st Cir.1967); State ex rel Sunseri v. Thoman, 154 So.2d 480 (La.App. 1st Cir.), writ denied, 244 La. 1027, 156 So.2d 228 (1963); Wilkinson v. Wilkinson, 79 So.2d 107 (La.App. 1st Cir. 1955). The trial court erred by sustaining the peremptory exception raising the objection of res judicata.

DECREE
For the foregoing reasons, the trial court judgment sustaining the dilatory exception raising the objection of unauthorized use of summary proceedings is affirmed; the judgments of the trial court sustaining the peremptory exception raising the objection of res judicata and dismissing Bonaventure's action for nullity are reversed; judgment is rendered herein in favor of Bonaventure and against Pourciau overruling the peremptory exception; this action is remanded to the trial court and the trial court is directed to order Bonaventure to amend their pleadings into an ordinary action within a delay set by the trial court, in default of which the action for nullity shall be dismissed. The cost of this appeal is divided equally between Bonaventure and Pourciau.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART.
NOTES
[1] The original motion and order is not in the record before us. This omission in the record is imputable to the appellants. Ronald Adams Contractor, Inc. v. State, Department of Transportation and Development, 464 So.2d 1003 (La. App. 1st Cir.1985).
[2] Pursuant to Acts 1990, No. 1008, effective January 1, 1991, La.C.C.P. art. 2592(8) was amended to provide as follows:

The original granting of, subsequent change in, or termination of custody, visitation, and support for a minor child; support for a spouse; injunctive relief; support between ascendants and descendants; use and occupancy of the family home or use of community movables or immovables; or use of personal property.
[3] Thus, in addition to fraud, a consent judgment also may be nullified for error. Succession of Simmons, 527 So.2d 323 (La.App. 4th Cir.), writ denied, 529 So.2d 12 (La.1988); Chaisson v. Chaisson, 454 So.2d 890 (La.App. 4th Cir.1984); City of New Orleans v. Vanlangendonck, 433 So.2d 432 (La.App. 4th Cir.1983). Query: Does a compromise agreement which is reduced to a consent judgment exist independently of the consent judgment? Compare Myers v. Myers, 532 So.2d 490 (La.App. 1st Cir.1988) and the cases cited therein.
[4] The doctrine of res judicata was changed by Acts 1990, No. 521, effective January 1, 1991, for all civil actions filed on or after that date.