IBARRY, Judge.
Defendant in this admiralty case appeals a judgment enforcing a settlement agreement.[1] We affirm.

FACTS

Plaintiff filed suit because of injuries he sustained in the course of his employment on a vessel owned and operated by the defendant. In 1990 the defendant propounded a request for production of medical documents. Plaintiffs treating physician, neurosurgeon Dr. John A. Frenz, diagnosed internal disc disruption syndrome at C5-6 and recommended cervical disc surgery. Four other physicians, Dr. Robert Applebaum, Dr. John Robinson, Dr. Chad Millet and Dr. Carl Cu-licehia, made independent medical examinations and determined that surgery was unnecessary. Nonetheless, surgery was apparently scheduled for November 4, 1992.
Trial was scheduled to begin November 3, 1992 but was continued. Plaintiff did not undergo surgery. On November 5, 1992 plaintiff saw another | ^treating physician, Dr. Vise, who did not recommend surgery. Dr. Vise’s report, dictated November 5, 1992 and transcribed in the first week of December, 1992, states in pertinent part:
My recommendation is that he is definitely not a candidate for cervical disk surgery and I have strongly advised him not to consider such a plan.... The patient has now reached maximum medical recovery—
Dr. Vise also examined plaintiff in late 1991 and did not recommend surgery, as evidenced by his July 2, 1992 letter to attorney Daniel Mars.
The parties continued settlement negotiations and the defendant was unaware of the July 2,1992 letter and the November 5,1992 visit to Dr. Vise. On November 25, 1992 the parties settled for $142,500.00.[2] The defendant learned of Dr. Vise’s report in the first week of December when it was billed in connection with its payment for maintenance and cure.
The defendant filed a Motion to Annul the Settlement and plaintiff filed a Motion to Compel. After argument the trial court granted plaintiffs motion to enforce the settlement. The defendant filed a motion for a new trial which was denied without a hearing. The defendant appeals and submits the trial court erred by 1) enforcing the settlement and 2) denying the motion for a new trial without testimony and evidence.

ANNULMENT OF THE SETTLEMENT

An action to nullify a compromise agreement, whether or not the agreement has been reduced to a judgment, is subject to the same rules of pleading and practice as an action to nullify a final judgment. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1st Cir.1991). The defendant argues hthat, like a judgment, a settlement may be annulled under LSA-C.C.P. art. 2004 for fraud or ill practices or when rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right and where the enforcement of the judgment would be unconscionable and inequitable.[3]
Bonaventure held that an action to set aside a compromise should have been brought as an ordinary proceeding, rather than as a summary proceeding attacking it collaterally. Bonaventure v. Pourciau, supra; Chapin v. Federal Transportation Co., 70 So.2d 189, 193 (La.App. 1st Cir.1953). This is because a compromise has the same force and attributes of a judgment of court *1301 under LSA-C.C. art. 3078. Nothing in Bonaventure limits the grounds for nullifying settlements to the same grounds required for setting aside a judgment under LSA-C.C.P. art. 2004.[4]
Questions regarding enforceability or validity of settlement agreements are determined by federal law when the substantive rights and liabilities of the parties derive from federal law. Borne v. A & P Boat Rentals No. k, Inc., 780 F.2d 1254, 1256 (5th Cir.1986), citing Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir.1984); Strange v. Gulf & South American Steamship Company, Inc., 495 F.2d 1235 (5th Cir.1974); Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33 (5th Cir.1967); Harmon v. United States, 59 F.2d 372 (5th Cir.1932). Plaintiffs claims are premised on federal general maritime law and the Jones Act, and therefore, we apply federal law to decide the validity and enforceability of the settlement agreement.
A settlement may be set aside when it is confected by fraud or mutual mistake under which both parties acted. Midr-South Towing Co. v. Har-Win, Inc., supra at 392. In order for a settlement agreement to be set aside for fraud, there must be a misrepresentation of material fact, the maker must have known it to be false and it must have induced reliance. 15A C.J.S. Compromise & Settlement § 35.
Plaintiff was seen by Dr. Vise but did not disclose Dr. Vise’s recommendation to the defendant.[5] The defendant contends that plaintiffs pending surgery was the reason it settled and Dr. Vise’s report was material. The defendant requested medical records from Dr. Vise and was apparently aware during settlement negotiations that he was one of plaintiffs treating physicians. There is no indication that Dr. Vise ever recommended surgery and defendant does not allege that it believed otherwise. Moreover, the defendant was aware of the reports of four independent physicians who recommended against surgery. We cannot say under these circumstances that the defendant |fiwas reasonably induced by plaintiffs failure to disclose Dr. Vise’s recommendation. Therefore, there is no legal basis to rescind the settlement based on fraud.
To set aside a settlement based on mutual mistake, the mistake must be one of material fact. Robertson v. Douglas Steamship Co., 510 F.2d 829 (5th Cir.1975). See 15A C. J.S. Compromise & Settlement § 36 at 256.
A settlement agreement may be set aside for mutual mistake concerning the diagnosis or nature of the injuries but should not be set aside for mutual mistake concerning the prognosis or extent and outcome of injuries. Robertson v. Douglas Steamship Co., supra at 836.[6] In Robertson, the Court affirmed the jury’s finding of mutual mistake in a release executed before the plaintiff was diagnosed with a rare disorder caused by the accident, and affirmed an award for the plaintiff.
Similarly, other mistakes as to the strength or value of the plaintiffs case do not warrant setting aside a settlement where the mistake is unilateral and not tainted by fraud, concealment or overreaching. See Mid-South Towing Co. v. Har-Win, Inc., supra at 392. See also 15A C.J.S. Compromise & Settlement § 36 at 256, which states that a mistake of law or fact on one side, when accompanied by elements of fraud or overreaching on the other, is ground for set *1302 ting aside an agreement if proved that, with the mistake corrected, the party seeking to set aside the agreement is entitled to a more favorable result than | fithat fixed by the settlement. Mid-South involved suit by the defendant to set aside a settlement based in part upon mistake of fact where the defendant’s attorney was unaware of certain evidence (surveys) allegedly favorable to the defendant. The Court found there was a unilateral mistake of fact not tainted by fraud or overreaching and thus the settlement was not subject to avoidance. The Court further noted the mistake was immaterial since it affected the strength or value of the defendant’s case.
The defendant argues that the absence of Dr. Vise’s July 2, 1992 letter and November 5, 1992 report results in mistake as to the very cause of the settlement, i.e., plaintiffs surgery, and thereby renders the settlement invalid. However, this mistake concerns necessary treatment and is analogous to that found in Mid-South Towing, Co. in that it goes to the strength and value of the plaintiffs case. This is especially so where, as here, the defendant had at its disposal several favorable independent medical reports. There was no mistake of diagnosis as in Robertson.
There is no basis to rescind the settlement based on mutual mistake.

NEW TRIAL

The defendant alternatively argues that the trial court erred by denying its motion for a new trial without a hearing.
A motion for new trial may be summarily denied in the absence of a clear showing in the motion for new trial of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Sonnier v. Liberty Mutual Insurance Co., 258 La. 813, 248 So.2d 299, 303 (1971). It is discretionary with the trial judge, Butler v. Reeder, 615 So.2d 1120 (La.App. 5th Cir.1993), and summary denial is generally proper if the motion simply reiterates issues thoroughly considered at the trial on the merits. Succession of Morvant, 578 So.2d 549, 554 (La.App. 3rd Cir.1991), citing Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir.1975).
The defendant argues it was prevented from presenting or proffering the testimony of plaintiffs counsel concerning his knowledge of the facts during settlement negotiations, the issue was not thoroughly considered by the trial court, and thus, summary denial was improper. The affidavit of defense counsel, Robert B. Nolan, states that he would not have recommended settlement had he known of Dr. Vise’s November 5,1992 report.
We find no error in the trial court’s summary denial of the defendant’s motion for new trial. Considering the affidavit of Mr. Nolan and the facts alleged in the motion, defendant did not present any fact or law reasonably calculated to change the outcome. This assignment is without merit.
The judgment to enforce the settlement agreement is affirmed.

AFFIRMED.

. Plaintiff filed an answer to the appeal seeking damages for a frivolous appeal. This issue was abandoned.

. The settlement was reduced to $137,500.00 due to-the insolvency of one of Noble's underwriters.

. LSA-C.C.P. art. 2004 reads:
A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The Note to that article reads:
These grounds must be asserted in a direct action, not collaterally, Comment (d). See Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (1983), holding that the requirements for nullity are satisfied when enforcement of the judgment would be inequitable or unconscionable.

. It is noted that, despite Bonaventure and Article 2004, defendant did not file a separate ordinary proceeding but moved summarily to nullify the settlement. However, plaintiff did not file a dilatory exception of unauthorized use of summary proceeding. Thus, the objection was waived. LSA-C.C.P. art. 926.

. The record does not show that plaintiff's attorney was aware of Dr. Vise's November 5, 1992 report, and it is uncontested that the report was not transcribed until after the settlement.

.But see Thompson v. Coastal Oil Co., 119 F.Supp. 838 (D.C.N.J.1954), rev’d. 221 F.2d 559 (3rd Cir.1955), cert. granted, 350 U.S. 817, 76 S.Ct. 54, 100 L.Ed. 731 (1955), affd, 350 U.S. 956, 76 S.Ct. 345, 100 L.Ed. 832 (1956), reh. granted, 350 U.S. 985, 76 S.Ct. 471, 100 L.Ed. 852 (1956), rev’d. and original judgment reinstated, 352 U.S. 862, 77 S.Ct. 90, 1 L.Ed.2d 73 (1956). Protecting the rights of a seaman as a “ward of admiralty,” the Court set aside a settlement based upon an innocent misrepresentation to an unrepresented injured seaman concerning the status of his medical condition.