808 So.2d 867 (2002)
Rene VICEDOMINI, et al.
v.
PELTS & SKINS, et al.
No. 2001 CW 2268.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*868 Daria Burgess Diaz, Metairie, Counsel for Plaintiffs Rene Vicedomini, Hollin F. Vicedomini, Hollin Renee Vicedomini.
William E. Brown, Covington, Counsel for Defendants Pelts & Skins, L.L.C., Fitzmorris Alligator Farm, Inc., James R. Fitzmorris, Felder Fitzmorris.
Before: FOGG, FITZSIMMONS, PETTIGREW, DOWNING and LANIER[1], JJ.
DOWNING, Judge.
This action is being considered on an application for a supervisory writ.

PROCEDURAL FACTS
This action is a suit for damages in tort filed on April 16, 2001, against four defendants. Two of the defendants are natural persons and two are juridical persons. La. C.C. art. 24. On the last page of the petition appears the following: "Sheriff *869 Please Hold Service until further notice...." After this statement is a list of six persons, four of whom are named defendants. Addresses are given for the four natural persons; after the names of the two juridical persons is the phrase "Through its registered Agent." The record before us has no evidence in it showing why the plaintiffs did not want to serve the defendants with the petition. Pursuant to La. C.C.P. art. 1201 C, the plaintiffs had a mandatory obligation to request service of citation on the defendants within ninety (90) days after the suit was filed.
On May 7, 2001, the defendants filed two pleadings: an answer and a set of discovery interrogatories with a request for production.[2] The answer was divided into three parts: a general denial of the allegations of the petition, the assertion of eleven (11) affirmative defenses and the pleading of various declinatory, dilatory and peremptory exceptions. Pursuant to La. C.C.P. art. 928 A declinatory exceptions may be pled in an answer without waiving them. Item 6 in the list of exceptions provides as follows:
The exception of insufficiency of citation in that the Petition for Damages has not been served on Defendants. (Emphasis added.)
La. C.C.P. art. 865 provides that "[e]very pleading shall be so construed as to do substantial justice." It is well settled in the jurisprudence that the nature of a pleading must be determined by its substance and not by its caption or title. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1 Cir.1991). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth and do substantial justice. Krebs v. Mull, 97-2643 (La.App. 1 Cir. 12/28/98), 727 So.2d 564, 567, writ denied, 99-0262 (La.3/19/99), 740 So.2d 119. The above cited exception language is clear and unambiguous in stating that "the Petition for Damages has not been served on Defendants." This language asserts the objection of insufficiency of service of process as provided for in La. C.C.P. art. 925 A(2).
A review of the answer and discovery pleading filed by the defendants reveals that nowhere therein do the defendants give an express written waiver of the ninety day service requirement of Article 1201 C. Rather, the defendants take specific exception to the fact that the "Petition for Damages has not been served." The answer of the defendants contains a certificate of service wherein counsel for the defendants states that "I certify that a copy of the foregoing Answer and Exceptions was served on counsel for plaintiffs by mail on May 7, 2001." The plaintiffs' counsel has not asserted that he did not receive this pleading. This pleading clearly put the plaintiffs on notice that as of May 7, 2001, lack of service on the defendants was still at issue in this case. Although the plaintiffs, through their attorney, received this notice, they did not thereafter request service within the time period provided for in Article 1201 C. The record does not reflect a good reason why they did not do so.
On July 17, 2001, pursuant to La. C.C.P. art. 1672 C, the defendants filed a motion for an involuntary dismissal of the petition on the grounds that the plaintiffs failed to *870 request service on them within 90 days as required by La. C.C.P. art. 1201 C. On August 23, 2001, the plaintiffs filed a request for service on the defendants.
The motion for involuntary dismissal was heard on August 28, 2001. Article 1672 C provides for a "contradictory motion" for determining if an involuntary dismissal for failure to serve should be rendered. Compare La. C.C.P. art. 930. Only oral arguments were presented at the contradictory motion herein. No evidence was presented.[3] The motion was tried on the face of the pleadings. After hearing the oral arguments of opposing counsel, the trial judge gave the following ruling and reasons for judgment:
I'm going to deny the rule to dismiss. And if you want specific reasons for it, I think that the fact that the defendant filed an answer raised defenses, conducted discovery. It's ludicrous for you-all to come in court at this point and say you don't have notice for this suit and it should be dismissed for lack of service.

THE LAW
Laws on the same subject matter must be interpreted in reference to each other. (Emphasis added.). La. C.C. art. 13.
La. C.C.P. art. 1672 C, entitled "Involuntary dismissal", provides as follows:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. (Emphasis added.)
When used in a statute, the word shall is mandatory. Cf. La. R.S. 1:3.
La. C.C.P. art. 1201 C provides as follows:
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. (Emphasis added.)

THE JURISPRUDENCE
In the Louisiana Supreme Court case of In re Justice of the Peace Landry, XXXX-XXXX (La.6/29/01), 789 So.2d 1271, 1277, appears the following:
The United States Constitution and Louisiana Constitution guarantee an individual the right to due process of law. La. Const. Art. 1 § 2. The right to due process is one of the most basic and fundamental rights bestowed on our citizens by the Constitution. Procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action against an individual. Under La. C.C.P. art. 1201, a judgment rendered against a defendant who has not been validly cited and served with the petition is absolutely null, even if there is actual notice of the suit. Without such citation and service of process, the court does not have jurisdiction over the person of the defendant. (Emphasis added.)
*871 In the Louisiana Supreme Court case of Norbert v. Loucks, XXXX-XXXX (La.6/29/01), 791 So.2d 1283, 1285, appears the following:
Pursuant to La.Code Civ. P. art. 1201(C), "[s]ervice of the citation shall be requested on all named defendants within ninety days of the commencement of the action." (Emphasis added.) If service is not requested within the time period provided by La.Code Civ. P. art. 1201(C), La.Code Civ. P. art. 1672(C) mandates that the action be dismissed without prejudice, "unless good cause is shown why service could not be requested."
"Good cause" is not defined in La.Code Civ. P. art. 1672(C). However, the appellate courts have concluded that mere confusion regarding a party's correct name or inadvertence in requesting service on the part of the plaintiffs counsel is not a sufficient basis for good cause. (Emphasis added.)
In the Louisiana Supreme Court case of Naquin v. Titan Indemnity Co., XXXX-XXXX (La.2/21/01), 779 So.2d 704, 710, appears the following:
Plaintiff's initial claim is that defendants' knowledge of the pending suit obviated the need for service of citation. Plaintiff argues that adjusters for Titan and the Sheriff knew about the suit and had received courtesy copies of the petition, and that a request for service within ninety days was thus unnecessary. However, it is well-accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions. The argument that the defendants' knowledge of Naquin's suit can somehow fill the role of service of citation lacks merit. (Citations omitted.)
Plaintiff supplemented record on appeal to include correspondence between his counsel and the adjusters for the Sheriff and Titan. This was presumably in hopes of satisfying the requirement in La. C.C.P. art. 1201 that there be an express written waiver of citation and service "made part of the record." Adjusters for both the Sheriff and Titan acknowledged in letters to plaintiffs counsel that they had received courtesy copies of the petition. While these letters do acknowledge receipt of the petition, neither letter expressly states that either the Sheriff or Titan waived service of the petition and citation. Thus, neither defendant "expressly waive[d] citation and service thereof." La.Code Civ. P. art. 1201. This argument also lacks merit. (Emphasis added.)

INVOLUNTARY DISMISSAL
The only issues in this writ are whether there was an express written waiver of the service requirements of Article 1201C and has good cause been shown as to why service could not have been requested timely.
The trial judge based his decision on the facts that the defendants (1) filed an answer, (2) raised defenses in the answer and (3) conducted discovery. It is elemental that the mere act of filing an answer is not an express written waiver within the purview of Article 1201 C. Further, even if this proceeding were considered as an action on a declinatory exception, rather than an action for involuntary dismissal, the filing of an answer would not be a waiver. La. C.C.P. art. 928 provides, in pertinent part, that "[t]he declinatory exception and the dilatory exception shall be pleaded prior to or in the answer ...." (Emphasis added.) The defendants specifically preserved their right to the objection of insufficiency of service of process by *872 stating in their answer that "[t]he exception of insufficiency of citation in that the Petition for Damages has not been served on Defendants."
Very simply, the acts of raising defenses in an answer and conducting discovery do not constitute an express written waiver. By using the language it did in Article 1201 C, the legislature has provided that implied written waivers are not sufficient and express or implied oral waivers are not sufficient; the waiver must be express and written. There is no express written waiver of rights under Article 1201 C in the record before this court. No witnesses testified at the hearing on the motion. The pleadings of the parties are the only evidence of record.
The only remaining question is whether there was a good cause (a good reason) for not timely requesting service. The record before this court shows none. The filing of an answer and discovery interrogatories by the defendants did not prevent the plaintiffs from requesting service. Rather, these pleadings put the plaintiffs on notice that proper service was still at issue. The record contains no evidence of any impediment that would prevent the plaintiffs from timely requesting service. This is demonstrated by the fact that the plaintiffs did, in fact, request service on August 23, 2001. Initially, the plaintiffs specifically chose not to serve the defendants. Thereafter, they could have chosen to do so at any time.
The ruling of the trial court is wrong and is reversed.

DECREE
Judgment is rendered in favor of the defendants and against the plaintiffs granting the motion for involuntary dismissal and dismissing the plaintiffs' petition without prejudice. (Compare the remedy of Article 1672 C with that of La. C.C.P. art. 932.) The plaintiffs are cast for all costs.
WRIT GRANTED.
PETTIGREW, J., dissents and assigns reasons.
FOGG, J., dissents for reasons assigned by PETTIGREW, J.
PETTIGREW, J., dissenting.
I must respectfully dissent from the majority. I am of the opinion that this is not a La.Code Civ. P. art. 1201 case at all, but more appropriately a La.Code Civ. P. art. 6 case.
There are three ways under Article 6 that a court may obtain the legal power and authority over a person or entity to render a personal judgment. Article 6 provides, in pertinent part, as follows:
A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:
(1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state.
(3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.
There is no question in this case that neither service of process was timely made by the defendants nor was there an express written waiver thereof filed by the defendants into the record pursuant to Article *873 1201. Thus, subparagraphs A(1) and A(2) of Article 6 have no application to the facts of this case. Subparagraph A(3), however, applies in the instant case to confer personal jurisdiction over the defendants.
The defendants in the instant case timely filed a declinatory exception objecting to the insufficiency of citation. According to the record, however, the defendants voluntarily submitted to the personal jurisdiction of the court by commencing an action against the plaintiffs. On page four of the defendants' answer, they specifically commenced an action against plaintiffs, asking the court to render a judgment against the plaintiffs for sanctions, including costs and attorney fees. The defendants' "PRAYER FOR RELIEF" contains the following language:
III. That appropriate sanctions, including costs and attorney's fees, be imposed on Plaintiffs and/or their representative under La.Code Civ. Proc. Art. 863(D) for filing a frivolous lawsuit based on a claim that cannot possibly be proved, that has no precedent or authority in law, and that is preposterous on its face.
The comments following Article 6 state, in pertinent part:
The 1999 amendment[[1]] [which in subparagraph A(3), substituted "jurisdiction of the court by commencing an action or by the waiver" for "exercise of jurisdiction over him personally by the court, or the waiver"] specifies what constitutes a party's "submission" to the court's jurisdiction. "Commencing an action" is taken from Code of Civil Procedure Article 421."
Article 421 provides, in pertinent part, as follows: "A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction."
As noted by the majority, the nature of a pleading must be determined by its substance and not by its caption or title. La. Code Civ. P. art. 865; Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1 Cir.1991). Moreover, pleadings should be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Krebs v. Mull, 97-2643, p. 6 (La.App. 1 Cir. 12/28/98), 727 So.2d 564, 567, writ denied, 99-0262 (La.3/19/99), 740 So.2d 119.
There is no question in this case the defendants filed a pleading asking for the enforcement of legal rights against the plaintiffs; that is, an action for sanctions, attorney fees, and costs. Accordingly, the defendants have submitted to the personal jurisdiction of the court and, therefore, have waived their right to raise an objection to the insufficiency of service. The writ should be denied.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeals, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In brief, the defendants assert that "[t]he New Orleans Times-Picayune picked up the suit and published an article with the allegations against the Defendants. The Times-Picayune sent a copy of the Petition For Damages to Defendants." Facts asserted in briefs of the parties may not be considered by this court unless they are part of the record on review. See footnote 2. Tranum v. Hebert, 581 So.2d 1023, 1027 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991).
[3] The briefs and oral arguments of counsel are not evidence. Tranum v. Hebert, 581 So.2d at 1026-1027.
[1] La. Acts 1999, No. 1263 § 1.