hEZELL, Judge.
Janita Fontenot Chapman appeals a judgment ordering her to sign IRS tax form 8332, thereby allowing her ex-husband, Alex Chapman, to claim their minor children as dependents on his taxes for the years 1998 and 2000. She claims the trial court erred in ordering her to amend her tax returns for those years and in not awarding her the expenses incurred in that process. We disagree. For the following reasons, we affirm the decision of the trial court.
On May 19, 1995, Mr. Chapman filed for divorce from Mrs. Chapman. Three children were born of the marriage, Korey, Meghann, and Alexis. To settle a bitter dispute over the custody of the children, the Chapmans agreed to a joint custody plan. The plan included the provision that Mr. Chapman would receive the dependency exemption for the children for federal and state income tax purposes. The trial court entered judgment in accordance with the stipulated plan on December 14, 1995.
On March 26, 2002, six years after the consent judgment was signed, Mr. Chap *473 man requested that Mrs. Chapman sign the appropriate forms allowing him to claim the exemption on his taxes. He had not requested she sign the forms until this point, and Mrs. Chapman had been claiming the children as dependents on her own taxes. Mr. Chapman claimed that he did not discover the fact that he could claim the exemption for the children until 2002, as he was too upset by the divorce to review the documents associated with it. Additionally, Mr. Chapman sought to amend his tax forms for 1998 and 2000 to include this exemption, which would require Mrs. Chapman to amend her own tax forms for those years, possibly resulting in penalties being assessed against her. In the tax year 1999, Mr. Chapman received a tax refund, and therefore, this year was not contested.
| gThe trial court ruled in favor of Mr. Chapman, finding that he was entitled to the exemptions under the terms of the consent judgment. The trial court, however, noted that his negligence in failing to have Mrs. Chapman sign the appropriate forms prior to filing her own taxes could result in penalties to her. Accordingly, the trial court decreed that if Mrs. Chapman is cast with any penalties for the amending of her tax returns, those penalties shall be paid by Mr. Chapman. From this decision, Mrs. Chapman appeals.
Mrs. Chapman claims that the trial court erred in ordering her to retroactively amend her tax returns for 1998 and 2000 because of Mr. Chapman’s failure to timely claim the exemptions. We disagree. “A compromise agreement which forms the basis for a consent judgment gets its binding force and effect from the consent of the parties.” Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1 Cir.1991). The interpretation of the consent judgment (i.e., the contract between the parties) is the determination of the common intent of the parties. La.Civ. Code, art.2045. Each provision in the contract is interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.Civ.Code art.2050. When the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. La.Civ.Code art. 2046; Robinson v. Robinson, 99-3097 (La.1/17/01), 778 So.2d 1105.
It is clear from the consent judgment that the Chapmans intended for Mr. Chapman to claim the children as dependents on his income tax return. This is unambiguous. Mrs. Chapman agreed to this. However, despite this fact, Mrs. Chapman knowingly filed the children as dependents on her own income tax return until filing her 2001 return. Based on the simple language of the agreement, the trial 13court ruled that Mr. Chapman was entitled to request that Mrs. Chapman sign the appropriate forms so that he could claim the deductions. We find no error in this ruling, as it is plainly set out in the consent judgment who received the benefits of the deductions.
Mrs. Chapman further claims that Mr. Chapman should be estopped from forcing her to amend her tax returns because his own negligence necessitated that both of the Chapmans amend their prior tax returns. She claims that the result to her will be a tax penalty “bombshell.” However, in the judgment on appeal, the trial court ordered Mr. Chapman to pay any penalties incurred by Mrs. Chapman for the re-filing of the returns. Therefore, Mrs. Chapman will not be forced to pay any penalties incurred by her as a result of the amendments. Furthermore, under the Internal Revenue Code Section 6511, the maximum amount of time Mr. Chapman is able to retroactively seek a refund is three *474 years. Hence, he is unable to seek a refund for the 1996 and 1997 tax years. The result is that Mrs. Chapman has bene-fitted by paying fewer taxes for those years than she should have, as she improperly claimed the children’s dependency exemption, in violation of the consent judgment. Therefore, the claim that equity should prevent Mr. Chapman from seeking what Mrs. Chapman willingly agreed to give him is without merit.
Finally, Mrs. Chapman claims that the trial court erred in failing to award her reasonable and customary certified public accountant fees for the re-filing of her tax returns. Both parties were at fault in this situation, Mr. Chapman for failing to request that Mrs. Chapman sign the necessary forms and Mrs. Chapman in improperly claiming the children. As noted above, she was aware at the time of the filing of her tax returns that the children’s dependency exemption was to go to their father, yet she continually filed for the exemptions. She breached the consent judgment she agreed |4to by filing the children as her dependents. She benefit-ted from this by paying less in taxes for two years than she should have. While the trial court ordered Mr. Chapman to pay any penalties incurred by Mrs. Chapman as a result of his own negligence, penalties are substantively different than the ordinary costs incurred in the filing or re-filing of income tax returns. The trial court committed no error in refusing to award her the costs of re-filing her tax returns.
The decision of the trial court is affirmed. Costs of this appeal are assessed against Mrs. Chapman.
AFFIRMED.