943 So.2d 541 (2006)
Clement B. GUILLOT, Jr. and the Succession of Clement B. Guillot, Sr.
v.
LAPROP, INC., Aurora M. Perez, Juan U. Perez, The Parish of Jefferson, The City of Gretna, and Roy J. Gattuso.
No. 06-CA-225.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2006.
*542 Clement F. Perschall, Jr., Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
John A.E. Davidson, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Charles L. Stern, Jr., Alan M. Cohen, The Steeg Law Firm, L.L.C., Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Clement B: Guillot, Jr., plaintiff-appellant, from a judgment sustaining an exception of prescription urged by various defendants-appellees in plaintiff's suit to set aside two 1992 sheriff's sales of immovable property. For the following reasons we affirm that judgment.
The legal background of the sheriff's sales is as follows. Plaintiff is the only child of Clement Guillot, Sr. and Odile Gourgues. Upon his mother's death plaintiff became owner of one half of the property at issue here with a usufruct in favor of his father. Upon his father's death in 1986, plaintiff opened his succession and was appointed administrator. In his petition for appointment he represented that he was the decedent's son and sole heir of the estate. It appears that there were federal tax liens filed which delayed completion of the succession.
During this time plaintiff had been sued by Champagne and Rodgers Realty Co. (C & R) and was cast in judgment for $480,172.57. On appeal to this court that judgment was affirmed in an unpublished opinion. Champagne and Rodgers Realty Co., Inc. v. Henning, 548 So.2d 969 (La. App. 5th Cir.1989), writ denied, 552 So.2d 394 (La.1989). C & R next began proceedings to have Guillot's interests in properties inherited from his mother, as well as various immovables in the succession, seized and sold at sheriff's sales. Those sales took place on December 30, 1992, and the properties at issue here were purchased by C & R.
In the mid-1990's C & R failed to pay taxes on the properties, and Laprop, Inc. eventually acquired the titles in 2003 via various tax sales. Laprop in turn sold the properties in June of 2003 to Aurora and Juan Perez, who are their present owners.
In March of 2005 Guillot commenced the present action to set aside the sheriff's sales. Laprop and Aurora and Juan Perez urged exceptions of the prescription of two years for sheriff's sales as per La. R.S. 9:5622, and no right of action. The trial judge sustained the exception of prescription, thus rendering the exception of no right of action moot.
Guillot now appeals asserting that La. R.S. 9:5622, which relates to "all informalities of legal procedure," is not applicable here for two reasons. First, he contends that the attorney who requested that the writs of fieri facias be issued was not authorized to do so by the C & R officers or board of directors, and thus the entire sales proceedings were complete nullities. Second, he contends that property of an estate under administration cannot be seized and sold by a judgment creditor, and therefore the sales, at least as to the properties in his father's estate, were complete nullities for this reason as well.
The two year prescriptive period provided in La. R.S. 9:5622 is intended to create confidence in judicial sales by protecting *543 good faith purchasers from litigation concerning procedural irregularities connected with such sales. First Federal Savings and Loan Assn. v. Blake, 465 So.2d 914 (La.App. 2nd Cir.1985). It is not, however, intended to cure absolute nullities, i.e. matters which go to the essence of the sales and affect substantive rights of parties. Id.
As to the first issue, we do not see what relevance the alleged lack of corporate authorization for seeking the writs of fieri facias has to the sales. Guillot asserts here that C & R was a closely held corporation, that two of the principal stockholders had died, and that the administrations of their successions were being disputed. He further asserts that these disputes left no one with clear authority to manage the corporation's affairs, and therefore the seeking of the writs of fieri facias could not have been properly authorized. However, C & R, not its stockholders, was the actual judgment creditor and was clearly entitled to execute its judgment. The sheriff's sales documents show that Erny G. Simmons was the attorney for C & R at the sales, and bought the properties in question. This does not change the fact that the actual party in interest was the corporation. If indeed there was some question as to whether Simmons was authorized by the corporation to take the actions that he did on its behalf and for its benefit that is a matter arising between him and the corporation, not between Guillot and his judgment creditor. However, to the extent that this question might properly be raised by Guillot, it would constitute nothing more than an informality of legal procedure, and would therefore be subject to the two year prescriptive period of La. R.S. 9:5622.
Guillot's second argument is also without merit. Here he contends that property involved in a succession proceeding can not be seized and sold by a judgment creditor and therefore the purported sale here is an absolute nullity. We disagree. In Anding v. Anding, 37,778 (La. App. 2 Cir. 10/29/03), 859 So.2d 901, the court held that pursuant to La. Civ.Code Art. 938, a successor is entitled to exercise rights of ownership over his interests in an estate with the provision that if a succession representative has already been qualified the exercise of that right is subordinate to the administration of the estate. Although the 1997 version of Art. 938 does not address whether that enactment changed the law, its 2001 amendment via Acts 2001, No. 556, Sec. 3, states that "[t]he provisions of this Act are remedial and interpretive and shall be applied retroactively." It was clearly the Legislature's intent to recognize that the provisions of the act did not change the law as it had existed prior to either version of Art. 938. It is equally clear that the Legislature deemed this issue to be one of procedure rather than substance. There was thus no impediment to Guillot exercising his right to sell or otherwise dispose of his interests in property of the succession, subject only to the requirement that this right be subordinate to the administration of the succession. Further, if Guillot could alienate the property, then his judgment creditor could also do so by way of a sheriff's sale. As to the rights of the succession, Guillot was the succession representative, had notice of the impending sale, and made no attempt to stop it. Finally, these are all procedural issues which are within the ambit of the prescriptive period of La. R.S. 9:5622. In these circumstances, Guillot can not now claim that the sales were defective on grounds that the succession was pending at the time they took place.
In his reply brief in this court Guillot for the first time argues that the original judgment upon which the writ of fieri *544 facias issued was an absolute nullity. It is well settled that appellate courts will not consider issues raised for the first time on appeal which were not pleaded in the court below and which the court below did not address. Future Trends, LLC v. DeGeorge, 05-355 (La.App. 5 Cir. 11/29/05), 917 So.2d 646. We therefore decline to address this issue.
For the foregoing reasons the judgment of the district court sustaining the exception of prescription and dismissing this action with prejudice is hereby affirmed.
AFFIRMED.