SUSAN M. CHEHARDY, Judge.
12This appeal arises from an attempt to revive a money judgment obtained in 1988. The plaintiff, who is the judgment creditor, appeals a judgment denying its motion for new trial after a prior judgment annulled the judgment of revival and held that any subsequent proceedings were without effect because the time limit had expired. We affirm.
BACKGROUND
The history of this case is convoluted. The plaintiff and judgment creditor is Champagne and Rodgers Realty Company, Inc. (“C & R”). In 1987, C & R filed suit against Thelma Marie Legendre, wife of/and Clem B. Guillot, Jr., and others, seeking a deficiency judgment following C & R’s foreclosure on and sale of real property that secured a promissory note.
The original creditors, Mary Boudreaux, wife of/and James C. Smith, had assigned *41 the note to C & R, a closely-held corporation in which James C. Smith and his wife were the only shareholders. James C. Smith was also president of C & R. Pursuant to C & R’s petition, the trial court rendered a deficiency judgment in C & R’s favor on August 26, 1988, awarding judgment in favor of C & R against Judith Henning, wife o^and Michael J. Guillot, and Thelma Marie Legendre, wife | sof/and Clem B. Guillot, Jr., in the amount of $480,172.57, together with interest and costs.
C & R fded a motion to have the judgment amended to exclude Judith Henning, wife of/and Michael J. Guillot because those defendants were never served with the original petition. The trial court granted the motion and rendered an amended judgment naming only Thelma Marie Legendre, wife of/and Clem B. Guil-lot, Jr. as defendants cast in judgment. The amended judgment was rendered on August 29, 1988, within the seven-day period allowed by La.C.C.P. art.1974 for the filing of new trial motions.
Thelma Marie Legendre and Clem B. Guillot, Jr. (“the Guillots”) filed a motion for new trial, which was denied. They appealed, but the judgment was upheld on appeal.[1]
James C. Smith died in 1990. A succession proceeding was opened in Orleans Parish[2] and on November 6, 1996 the Orleans Parish court appointed Robert E. Jones administrator of the succession. The court issued Letters of Administration to Jones on June 2,1997.
On December 17, 1997, the Civil District Court maintained an exception of lack of subject matter jurisdiction raised by one of the heirs (James C. Smith, Jr.), on the basis that the decedent was a resident of Mississippi. That judgment was amended on January 21, 1998 to correct a typographical error in the caption. On April 8, 1998 Stephen Selwyn Smith filed a Motion for Appeal of the judgment signed on December 17,1997.
On August 26,1998, a Petition for Revival of Judgment was filed in Jefferson Parish by Robert E. Jones, III, appearing in his capacity of administrator |4of the Succession of James C. Smith, Sr.[3] Mr. Jones, who is also an attorney, represented himself. The petition sought to revive the deficiency judgment that C & R had obtained in 1988.[4]
On October 30, 1998, the Guillots filed an exception of no right of action and no cause of action, asserting that C & R was not entitled to revival of the judgment because the petition for revival did not reflect that Robert E. Jones, III, was representing C & R, nor did the petition assert that Jones had acquired rights in the judgment sought to be revived.
*42 In addition, the Guillots alleged that the succession proceeding of which Robert Jones was purportedly the administrator had been dismissed for lack of subject matter jurisdiction on December 17, 1997,[5] so that when Jones filed the petition for revival of the judgment, he lacked legal capacity as a succession representative. The Guillots asserted that Jones is not the judgment creditor, and that he alleged no real interest in the matter in question.
In opposition, C & R argued that pursuant to La.C.C.P. art.2031, a money judgment may be revived at any time before it prescribes by an interested party and, therefore, a succession representative is a proper party to bring the action.
The district court overruled the exception of no cause of action and no right of action on February 19, 1999, without assigning written reasons for the ruling.
On March 17, 1999, Stephen Selwyn Smith’s appeal of the December 17, 1997 judgment was dismissed by the Fourth Circuit Court of Appeal due to the 11⅞appellant’s failure to respond to the court’s briefing notice and in compliance with Rule 2-8.6 of the Uniform Rules, Courts of Appeal.[6]
In October 1999, Stephen Selwyn Smith filed a Petition for Ancillary Succession Proceedings in the 24th Judicial District Court for the Parish of Jefferson, under No. 545-289. He alleged that James C. Smith, Sr. was a resident of Pearl River County, Mississippi at the time of his death; that his succession proceeding had been opened in Mississippi;[7] that the petitioner had been appointed and qualified as administrator of the Succession of James C. Smith, Sr.; and that the petitioner desired to be qualified in Louisiana as Administrator of the Succession of James C. Smith, Sr. to administer assets in Louisiana. The petitioner attached Letters of Administration issued by the Mississippi court on October 5,1999.[8]
The 24th Judicial District Court issued ancillary letters of administration on October 14, 1999. On January 4, 2000 the court issued an order granting Stephen Selwyn Smith authority to continue the business of C & R.
On February 3, 2002, Stephen Selwyn Smith filed a motion to be substituted as plaintiff in this matter in lieu of Robert E. Jones, III. Stephen Selwyn Smith alleged he was the duly appointed administrator of the Succession of James C. Smith, Sr. in ancillary succession proceedings in Jeffer *43 son Parish, and that he also was the duly appointed President and Chairman of the Board of Champagne and Rodgers Realty Co., Inc. He attached the ancillary letters of administration the 24th Judicial District Court had issued, as well as the order granting him authority to ^continue C & R’s business, but he made no mention of the 1997 Civil District Court order that dismissed the Orleans Parish succession proceeding.
On February 3, 2002 the court granted Stephen Selwyn Smith’s motion to be substituted as plaintiff in this matter. On February 19, 2002, on motion of Stephen Selwyn Smith, the court confirmed a default judgment reviving the judgment of August 26, 1988 as amended on August 29, 1988.
On November 29, 2004, the defendants filed a Motion for a New Trial and Motion to Vacate Judgment. They alleged numerous defects in the proceedings by which the revival judgment was obtained, errors that included not only vices of substances but also vices of form. The defendants alleged, among other things, that Robert Jones had advised them that he would take no adverse action against the defendants without advising their counsel in advance, but that Stephen Selwyn Smith filed pleadings on behalf of the Succession of James C. Smith, Sr., although Robert E. Jones, III never withdrew as counsel of record. The defendants asserted further that neither they nor their counsel received copies of various pleadings the plaintiff purportedly sent them; that the motion for preliminary default filed by Stephen Selwyn Smith, and signed by the court, was against Thelma Marie Legendre only, yet the judgment granting the revival of the judgment was against “defendant”; that the record did not contain other documents required to support confirmation of a default judgment; that no notice of the signing of the default judgment was ever served on them; and other flaws in the procedure and/or documents.
In a supplemental and amending Motion for New Trial and Motion to Vacate Judgment, the defendants alleged the default judgment of February 19, 2002 was null and the entire proceeding to revive the 1988 judgment should be dismissed on the following grounds:
|7a. The appointment of Robert E. Jones, III as administrator for the Succession of James E. Smith, Sr. was a nullity because the Civil District Court lacked subject matter jurisdiction;
b. The nullity of the appointment of Robert Jones created a nonsuit in this action and more than 10 years had elapsed from the finality of the judgment sought to be revived;
c. The order authorizing Stephen Sel-wyn Smith to be substituted as a party plaintiff was null and/or resulted from fraud and/or ill practice associated with the appointment of Stephen Selwyn Smith through an ancillary succession proceeding opened in the 24th Judicial District Court in October 1999;
d. Any determination regarding stock of Champagne and Rogers Realty Co., Inc. vested in the Mississippi estate proceedings because both James C. Smith, Sr. and his wife, Mary Boudreaux Smith, died while domiciled in Mississippi;
e. No Louisiana ancillary succession proceeding was necessary as to any stock interest in Champagne and Rogers;
f. Stephen Selwyn Smith was not the authorized president and/or chairman of the board of Champagne and Rogers because he did not have legal authority to vote the entirety of the stock of Champagne and Rogers;
*44 g. Alternatively, that at the time the ancillary succession proceedings were opened, the interest in the Champagne and Rogers stock was vested in the children and grandchildren of Mary Boudreaux Smith by the Mississippi judgments recognizing her heirs and closing her Mississippi estate proceeding;
|sh. Neither the president nor the chairman of the board of Champagne and Rogers is a proper party to this proceeding, since the judgment in question was in favor of Champagne and Rogers and not its alleged president and/or chairman of the board;
i. Stephen Selwyn Smith was not, and is not, a licensed Louisiana attorney and could not legally represent any of the alleged parties sought to be substituted in this proceeding.
ACTION OF THE TRIAL COURT
On June 7, 2005 the trial court rendered judgment granting the defendants’ motion for new trial and motion to vacate judgment. The court vacated the default judgment reviving the 1988 judgment, and dismissed the petition for revival of the judgment, on the ground that the time within which the judgment could be revived had expired.
In written reasons for judgment, the court found that the motion for new trial was timely because no notice of judgment, as required by La.C.C.P. art. 1702, was served on the defendants.
The court further found that the petition for revival of judgment was invalid because the order appointing Robert E. Jones, III, as administrator of the succession was void and without effect, having been issued by a court that lacked subject matter jurisdiction. The court further found that no other legally valid petition had been filed within the ten-year prescriptive period to revive the original judgment.
Subsequently, C & R’s motion for new trial was denied. This appeal is taken by C & R and by Stephen Selwyn Smith as president and chairman of the board of directors of C & R.
1 aThe appellants assert the district court erred in the following respects: in vacating the revival judgment because the defendant filed its Motion to Vacate after expiration of the one year prescriptive period and failed to establish a vice of form or substance; in holding that the court lacked subject matter jurisdiction over the revival proceedings; in holding that the service of the revival judgment was invalid; in failing to hold that the revival judgment cannot be vacated under La.C.C.P. art.2004 because the defendants failed to establish fraud or ill practices and because defendants’ Motion to Vacate was filed after one year of discovery of the purported fraud or ill practices; in failing to apply La.C.C.P. art.2006, which requires that an action to annul a judgment must be by direct and not summary action; in failing to apply the law of the case doctrine to the prior decision of the court overruling the exception of no right of action filed by defendants, which exception was denied by the district court on February 19, 1999; in allowing inadmissible evidence on the argument on a Motion for New Trial; in not allowing the plaintiff to amend its Petition for Revival.
LAW AND ANALYSIS
A final judgment may be annulled for vices of either form or substance. La. C.C.P. art. 2001.
The vices of form are listed in Article 2002:
A. A final judgment shall be annulled if it is rendered:
*45 (1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
|,nLa.C.C.P. Art. 2002.[9]
The jurisprudence refers to the nullities established by Art.2002 as “absolute nullities,” and permits these to be asserted at any time, in a collateral proceeding, and before any court. See, Webster v. Boh Bros. Const. Co., Inc., 603 So.2d 761 (La.App. 4 Cir.1992) (on rehearing).
Article 2004 lists the vices of substance, and the time limit within which to assert an action on such grounds:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
La.C.C.P. Art. 2004.
The jurisprudence refers to these as “relative nullities,” which may only be asserted in a direct action filed in the court that rendered the judgment, and the adverse party must be cited to appear as in ordinary suits. See Calcasieu Parish School Bd. v. Parker, 02-339 (La.App. 3 Cir. 10/2/02), 827 So.2d 543, 'writ denied, 02-2719 (La.1/10/03), 834 So.2d 440; Wood v. Wood, 440 So.2d 906 (La.App. 2 Cir.1983).
C & R argues that the district court erred in holding that the court lacked subject matter jurisdiction over the revival proceedings. Our review of the judgment and reasons for judgment reveals that C & R has misinterpreted the trial court’s comments about subject matter jurisdiction. The court was referring not to the Jefferson Parish proceedings, but rather to the Orleans Parish proceedings in l^which Robert Jones was appointed administrator of the succession of James C. Smith, Sr., and in which Stephen Selwyn Smith subsequently obtained an order appointing him as administrator.
The court pointed out, correctly, that at the time Robert Jones filed the Petition for Revival of Judgment, the Civil District Court had ruled that it had no subject matter jurisdiction over the succession. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La.C.C.P. art. 3. “When a judgment is absolutely null based on a jurisdictional ground, it has no legal existence, and its nullity may be shown in collateral proceedings at any time and before any court.” Taylor v. Hixson Autoplex of Alexandria, Inc., 2000-1096, pp. 6-7 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1286, unit not considered, 2001-1539 (La.9/14/01), 796 So.2d 670.
*46 Hence, the order issued in the Civil District Court succession proceeding appointing Jones as administrator was void and could confer no authority to administer the succession. Any acts performed by Jones pursuant to the null order are without effect. Accordingly, Jones had no authority to appear on behalf of the succession to pursue the revival action involving C &R.
Jones’ filing of the Petition for Revival of Judgment on August 26,1998, therefore, was without effect. The ten-year prescriptive period expired a few days later. Consequently, all subsequent acts relating back to the Petition for Revival of Judgment are void. The Motion and Order to Substitute Parties Plaintiff, filed by Stephen Selwyn Smith as purported administrator of the succession on February 3, 2002, cannot correct what was already declared null. Effectively, the Petition for Revival of Judgment was de facto quashed by the determination that Orleans Parish had no subject matter jurisdiction over the succession proceedings.
11g,Further, although Stephen Selwyn Smith filed ancillary succession proceedings in Jefferson Parish, the deadline to pursue revival of the 1988 judgment had long since passed, and it could not be revived by Smith’s attempts.
The Jefferson Parish district court has subject matter jurisdiction over a petition for revival of a judgment rendered by that court, but the petition in this case was void because it was filed by a person without authority to do so. The Orleans Parish court’s ruling on subject matter jurisdiction meant that actions taken by Jones on behalf of the succession were void ab ini-tio.
C & R argues that the only objection that could be raised to Jones’ filing of the petition for revival is no right of action. Because the trial court overruled the defendants’ exception of no right of action early in the revival proceedings, the plaintiff asserts that ruling is law of the case and cannot be changed.[10]
Under La.C.C.P. art. 925(B), however, the failure to disclose a right or interest in the plaintiff to institute the suit may be noticed by either the trial or appellate court of its own motion. Hence, the trial court did not err in recognizing that Robert Jones had no authority to file the revival action.
C & R argues, alternatively, that the theory of law of the case should be applied to maintain the earlier ruling denying the exception of no right of action. However, that ruling was interlocutory and no party ever sought supervisory review of it. Under law of the case doctrine, courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case. Pumphrey v. City of New Orleans, 05-979 (La.4/4/06), 925 So.2d 1202, 1207. Where there is no ruling by an appellate court, there is no “law of the case,” and an interlocutory ruling is subject to change later in the proceedings:
h sUnlike the statutory doctrine of res judicata, the jurisprudential doctrine of law of the case is a discretionary guide that will not be applied inflexibly. “Argument is barred where there is merely doubt as to the correctness of the former holding, but not in cases of palpable *47 former error or so mechanically as to accomplish manifest injustice.” In addition to the latter exception for palpable error, the jurisprudence has recognized two other contexts in which this discretionary doctrine will not be applied. First, it will not be applied to “supplant the Code of Civil Procedure provision which clearly permits a reconsideration of the overruling of peremptory exceptions.” Second, it will not be applied when the underlying, operative facts upon which the court’s prior decision was based have changed. Under the “law of the case” doctrine, an appellate court ordinarily will not reconsider its own rulings of the law in the same case. [Citations omitted.]
Bank One, Nat. Ass’n v. Velten, 04-2001, p. 7 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 459, writ denied, 06-40 (La.4/28/06), 927 So.2d 283.
We conclude the trial court’s ruling was correct. In view of our determination, we need not address C & R’s remaining assignments of error.
We distinguish our just-rendered decision in Guillot v. Laprop, Inc., 06-225 (La.App. 5 Cir. 10/06/06), 943 So.2d 541, in which one of the defendants in this case, Clement B. Guillot, Jr., sought to set aside sheriffs sales of immovable property sold in 1992 in partial satisfaction of the judgment that C & R is attempting to revive in this case. In Guillot v. Laprop, Inc., we upheld the district court’s granting of an exception of prescription to the action to set aside the sheriffs sale. In that case Guillot argued on appeal that the sheriffs sales were invalid due to the nullity of the original judgment upon which the writ of fieri facias was issued. We declined to address that argument because it was not pleaded in the court below and the lower court had no opportunity to address it.
| i4For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellants, Champagne and Rodgers Realty Company, Inc., and Stephen Selwyn Smith.

AFFIRMED.

. Champagne and Rodgers Realty Co., Inc. v. Henning, 548 So.2d 969 (La.App. 5 Cir.1989) (not designated for publication), writ denied, 552 So.2d 394 (La.1989).

. Succession of James C. Smith, Sr., No. 91-11018, Civil District Court for the Parish of Orleans, State of Louisiana.

. Champagne and Rogers Realty Company v. Henning, No. 355-268, 24th Judicial District Court, Parish of Jefferson, State of Louisiana (the case in which this appeal arises).

.On September 8, 1998, the court ex parte signed an order that granted the petition for revival of the judgment. The defendants filed a rule to show cause why the order should not be vacated. They alleged that the court signed the order prior to their being served with the petition for revival of judgment. Although the designated record before us contains no court ruling indicating that the order was vacated, the appellant's brief states that the parties agreed to vacate the revival judgment dated September 8, 1998 because the defendants were not served with the petition until September 15, 1998.

. Succession of Smith, 91-11018 (Civ. Distr. Ct., Orleans, 12/17/97, amended 1/21/98). The court found there was no subject matter jurisdiction because the decedent, John C. Smith, Sr., was a resident of Mississippi. Stephen Selwyn Smith appealed that ruling, but his appeal was dismissed for abandonment.

. Succession of Smith, 98-2640 (La.App. 4 Cir. 3/17/99) (unpublished order). See n. 5, supra.

. In the Matter of the Estate of James C. Smith, Sr., Deceased, No. 25,849-GN-W, Chancery Court of Pearl River County, State of Mississippi.

. Stephen Selwyn Smith's appointment as administrator of the Mississippi estate proceeding was set aside as void on July 18, 2005, for the reasons that at the time of his appointment, Stephen Selwyn Smith had been convicted of a felony (in 1973) and his appointment was prohibited by Mississippi law and was void. Further, at the time of his appointment, Stephen Selwyn Smith, in support of his motion to have himself appointed as administrator, submitted to the court as exhibits two court orders from the Orleans Parish Civil District Court that were voided on appeal. The Chancellor in the Mississippi court stated, "This misrepresentation is an additional basis for setting aside this appointment.” The court set aside his appointment nunc pro tunc to June 6, 1991.

. Although an action to annul for vices of form may be brought at any time, "[a] defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.” La.C.C.P. Art. 2003.

. The judge who overruled the exception of no right of action, Judge Robert Murphy, re-cused himself later in the proceedings when he discovered that a former law partner of his had handled some matters in this case when Judge Murphy was still a member of the law firm, prior to being elected to the bench. Judge Joseph Tiemann was appointed ad hoc to hear the remainder of the proceedings, and he rendered the judgment now on appeal.