WINDHORST, J.
Appellant, Raul Alejandro Ramos, appeals the trial court's November 2, 2017 judgment denying and dismissing his motion to vacate. For the following reasons, we affirm.
Procedural History and Facts
On January 21, 2009, the State of Louisiana ("the State"), on behalf of Ebony Wright, filed a petition to establish paternity and child support against appellant. On October 3, 2013, the trial court held a hearing to determine paternity and child support. At the hearing, appellant acknowledged that he was the father of the minor child, and testified regarding his current income. The same day, the trial court rendered judgment ordering appellant to pay child support in the amount of $393.00 per month retroactive to the date of filing. The trial court further ordered appellant to pay an additional $7.00 per month towards his arrearage amount. The judgment was signed March 17, 2014. Appellant did not file a motion for new trial or appeal this judgment.
*566 On January 20, 2016, the State filed a motion for contempt, contending that appellant failed to comply with the March 17, 2014 judgment and was in arrears. On April 7, 2016, after a contradictory hearing, the trial court found appellant in contempt and sentenced him to ninety days in jail. The trial court suspended this sentence conditioned upon appellant resuming his child support payments. Arrears in the amount of $28,092.50 were made executory. The trial court further informed appellant that if he had or experienced a reduction in income since the judgment, he could file a motion for modification of child support.[1]
On July 28, 2017, the State filed a second motion for contempt contending that appellant failed to comply with the March 17, 2014 judgment and was in arrears. On September 7, 2017, after a contradictory hearing with appellant, the trial court found appellant in contempt and the cumulative arrearage amount of $34,611.70 was made executory.[2]
On September 7, 2017, appellant filed a pro se motion to vacate appearing to attack the March 17, 2014 judgment ordering appellant to pay child support and alleging that he was denied due process because the State "failed to produce the necessary proof of claim to support anything." On November 2, 2017, the trial court denied the motion to vacate on procedural grounds finding that appellant could not use a summary proceeding to annul the March 17, 2014 judgment. This appeal followed.
Discussion
On appeal, appellant contends[3] that the trial court erred in dismissing his motion to vacate the March 17, 2014 child support judgment.[4]
*567 A final judgment may be annulled for vices of either form or substance. La. C.C.P. art. 2001. Absolute nullities set forth in La. C.C.P. art. 2002 may be asserted at any time, in a collateral proceeding, and before any court. Champagne and Rodgers Realty Co., Inc. v. Guillot, 06-237 (La. App. 5 Cir. 11/14/06), 947 So.2d 39, 45, writ denied, 06-2920 (La. 3/9/07), 949 So.2d 440. Relative nullities set forth in La. C.C.P. art. 2004 may only be asserted in a direct action filed in the court that rendered the judgment, and the adverse party must be cited to appear as in ordinary suits. Id.; Calcasieu Parish School Bd. v. Parker, 02-339 (La. App. 3 Cir. 10/2/02), 827 So.2d 543, 545, writ denied, 02-2719 (La. 1/10/03), 834 So.2d 440.
La. C.C.P. art. 2004 does not specify the manner in which one can assert the grounds for nullity. La. C.C.P. at. 2004, in pertinent part, provides:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. Action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The Official Revision Comment (d) to La. C.C.P. art. 2004 provides:
No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. (Citations omitted.)
An action for nullity of a final judgment alleging fraud or ill practice pursuant to La. C.C.P. art. 2004 must be brought by ordinary proceeding, rather than in a summary proceeding. In re Successions of James, 09-25 (La. App. 5 Cir. 6/23/09), 19 So.3d 1200, 1202. There is no authority in law to bring such an action in a summary proceeding. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La. App. 1 Cir. 1991) ; Johnson v. Vinson Guard Service, 577 So.2d 56, 59 (La. App. 1 Cir. 1990), writ denied, 578 So.2d 915 (La. 1991). An action for nullity alleging fraud or ill practice is a relative nullity that must be asserted in a direct action filed in the court that rendered the judgment, and the adverse party must be cited to appear as in ordinary suits. Champagne and Rodgers Realty Co., Inc. 947 So.2d at 45 ; Green v. Holmes, 10-880 (La. App. 5 Cir. 4/12/11), 68 So.3d 1, 3 ; Willis v. Travelers Insurance Company, 545 So.2d 721, 721 (La. App. 3 Cir. 1989).
Upon review of appellant's pro se motion to vacate, we find appellant seeks to annul the March 17, 2014 judgment under La. C.C.P. art. 2004.[5] An action *568 for nullity based on fraud or ill practice must be timely brought by a direct action (i.e. , a petition to annul), citing the appropriate adverse party to appear. Because appellant is prohibited from annulling the judgment under La. C.C.P. art. 2004 via summary proceeding (i.e. , a motion to vacate), the trial court did not err in denying and dismissing appellant's pro se motion to vacate the March 17, 2014 child support judgment.
Conclusion
For the above stated reasons, we affirm the trial court's November 2, 2017 judgment.
AFFIRMED

La. C.C. art. 142 provides that a child support award may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary. La. R.S. 9:311 provides that a child support award may be modified when "the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award."

The prior amount of arrears made executory on April 7, 2016 was incorporated into the current amount of arrears.

In his pro se appellate brief, appellant alleged several assignments of error: (1) "The State and the Court withheld highly vital, highly pertinent, highly critical, highly crucial, highly empirical, highly imperial and highly supreme knowledge of the United States Constitutional mandates placed on the State, Court, and its actors;" (2) "The State and the Court withheld highly vital, highly pertinent, highly critical, highly crucial, highly empirical, highly imperial and highly supreme knowledge of the Unites States Supreme Court Rulings and mandates placed on the Court, the State, and its actors;" (3) "The State and the Court withheld highly vital, highly pertinent, highly critical, highly crucial, highly empirical, highly imperial and highly supreme knowledge of American Jurisprudence Book 16: Constitutional Law § and its interpretations;" (4) "The State and the Court withheld highly vital, highly pertinent, highly critical, highly crucial, highly empirical, highly imperial and highly supreme knowledge of the Louisiana Constitution and the mandates it places on the State, the Court, and its actors;" (5) "The State and the Court withheld highly vital, highly pertinent, highly critical, highly crucial, highly empirical, highly imperial and highly supreme knowledge of the UNIVERSAL DECLARATION OF HUMAN RIGHTS and the mandates it places on all participating Nations of the World; U.S., the States and the Courts of the Land." By argument in his pro se brief, it appears that appellant filed his motion to vacate the March 17, 2014 child support judgment.

If, and to the extent that appellant is attempting to appeal the March 17, 2014 judgment awarding child support, our appellate jurisdiction has time limitations. Accordingly, an appeal from a judgment in excess of three years ago is untimely, and this Court now lacks jurisdiction to address that judgment.

Appellant's motion to vacate did not allege that the March 17, 2014 judgment was an absolute nullity due to insufficient service of process. Although appellant did not assert insufficient service of process as a basis for an absolute nullity in his appellate brief, he potentially alludes to this by alleging that (1) the initial petition to establish paternity and child support was not served on him; (2) there is no evidence he signed for the petition; (3) there is no evidence service of process was "perfected." While absolute nullities may be asserted any time under La. C.C.P. art. 2002, the record establishes that appellant appeared and testified at the hearing to establish paternity and child support. At no time during this hearing did appellant object to insufficient service of process. To the extent an issue with citation and service of process existed, under La. C.C.P. art. 925 C, appellant's failure to plead the declinatory exception of insufficiency of citation and service of process prior to the trial of the matter operates as a waiver of that objection. See Lepine v. Lepine, 17-568 (La. App. 5 Cir. 3/14/18), 243 So.3d 737, 742. The record further reveals that appellant has been held in contempt on two prior occasions for failure to make child support payments. At no time did appellant attempt to enjoin enforcement of the March 17, 2014 judgment. "A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on the any of the grounds enumerated in Article 2002." La. C.C.P. art. 2003. Accordingly, to the extent appellant seeks to collaterally attack the March 17, 2014 judgment, he is barred under La. C.C.P. art. 2003.