WALTER J. ROTHSCHILD, Judge.
12This is an appeal from a ruling of the trial court granting exceptions of peremption/prescription and no right of action in these succession proceedings. For the reasons stated herein, we affirm.
On October 4, 1984, John Ernest James filed a Petition for Possession alleging he was the sole heir of the decedents, Joseph Ernest James and Thelma Fontaine James and seeking to be placed into possession of all of decedents’ property. Petitioner alleged that two children were born of decedents’ marriage: himself and Armand James. Petitioner further alleged that Armand James died on March 9, 1958 without having married or having or adopting children. By Judgment of Possession signed on October 8, 1984, John Ernest James was recognized as the only surviving child and sole heir of the decedents and as such was entitled to the ownership of all of decedents’ property which was properly described therein.
John Ernest James subsequently filed a Supplemental and Amending Petition for Possession following the discovery of additional property of decedents as evidence by an attached descriptive list. A Supplemental |3Judgment of Possession of the additional property was signed by the trial court on November 26,1985.
On October 2, 1987, a Petition for Recognition of Right of Inheritance and Damages was filed into these proceedings by John Wesley James, Armond James, Jr.[1] and Cornell James and that they are the surviving heirs of Armond James, the deceased son of Joseph Ernest James and Thelma Fontaine James. These petitioners alleged that John Ernest James erred in alleging in the succession proceedings that Armond James died without any children or descendants and that John Ernest James was aware of their existence. These petitioners alleged that they should have been permitted to represent their father’s interest in the succession of their grandparents, John Ernest James and Thelma Fontaine James, and they sought reformation of the Judgment of Possession to reflect their interests. They also prayed for damages against the succession for the loss of their inheritance rights. Service was requested on the attorney for the Joint Successions as well as on John Ernest James, a California resident, *1202 through a curator who was subsequently appointed to represent him. Based on the record, no further action took place in this matter after the filing of the petition for a period of approximately 20 years.
On July 20, 2007, a Motion to Annul Judgment was brought by movers John Wesley James, Armand James III, Cornell James, Genevieve Brasly, Norman Spencer Brasly, and Armand James II (hereinafter “movers”) seeking to set aside the Judgments of Possession entered on October 8, 1984 and November 26, 1985 on the basis of fraud and ill practices. In response to this motion, John Ernest James brought exceptions 14of preemption/prescription and no right of action. These exceptions were heard in the trial court on May 28, 2008, and following the hearing, the exceptions were granted for the reasons orally assigned. A Judgment on the Exceptions was signed on July 24, 2008, dismissing the Motion to Annul Judgment. This appeal followed.
Movers’ action in nullity is based upon La. C.C.P. art.2004, which provides:
Art.2004. Annulment for vices of substance; peremption of action
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
At the outset, we note that an action for nullity is not properly filed as a summary proceeding. Gazebo, Inc. v. City of New Orleans, 97-2769, p. 8 (La.App. 4 Cir. 3/23/98), 710 So.2d 354, 358. Rather than filing a petition asserting that the judgment was obtained through ill practices, the movers did so by way of their motion to annul the judgment. In Verret v. State Farm Mut. Auto. Ins. Co., 99-1250, p. 12 (La.App. 3 Cir. 2/2/00), 759 So.2d 115„ writs denied, 00-673, 00-690 (La.4/20/00), 760 So.2d 1159, 761 So.2d 535, the court in a similar factual situation found that the subject matter was improperly before the trial court and that a judgment cannot be annulled for ill practices in such a circumstance. However, as we conclude herein that the trial court correctly declined to | fiannul the judgment based on the exceptions filed by Mr. James, we will not disturb the trial court’s ruling on this basis.
Mr. James’ combined exceptions of preemption/prescription and no right of action are based on the grounds that this action for nullity of a judgment for fraud or ill practices under LSA-C.C.P. Art.2004 was not brought within one year of discovery by the plaintiffs of the fraud or ill practices as required by the article.
The fraud and ill practices claimed by movers in this action are alleged to have occurred in 1984 and 1985 when John Ernest James filed the Petition and Supplemental Petition for Possession in which he omitted reference to them as heirs of the decedents. The record in this case indicates that movers John Wesley James, Armand James III, and Cornell James were aware of the alleged fraud and ill practice as early as 1987 when they filed their Petition for Right of Inheritance and Damages. However, this action was abandoned as the James’s failed to take any step in the furtherance of the proceeding for approximately 20 years. La. C.C.P. art. 561.
Although they filed the present motion in 2007, this pleading cannot revive the claims initially brought in 1987. Thus, as they were aware of these claims for over *1203 20 years, the motion for nullity asserted by John Wesley James, Armand James III, and Cornell James does not fall within the one year prescriptive period from the discovery of the alleged cause of action, and the trial court correctly determined that the action has prescribed.
With regard to movers Genevieve Brasly, Norman Spencer Brasly and Armand James II, the trial court granted the exceptions on the basis that they failed to allege or prove filiation to Armand James during the proscribed period. These movers state in their incorporated memorandum to then 16motion to annul that Armand James acknowledged them in the family and they were allowed to participate in the family oil lease revenue.
The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La. C.C.P. art. 927; Dufrene v. Insurance Co. of State of Pennsylvania, 01-47, p. 10 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, 668, writs denied, 01-2261; 01-2308 (La.11/16/2001), 802 So.2d 611; 802 So.2d 613.
Pursuant to La. C.C. art. 209, filiation to the alleged deceased parent must be established within one year of the death or within 19 years of the child’s birth. In the present case, Armand James died in 1959 and an action for filiation must have been filed within one year of the death, or by 1960. In their motion filed in 2007 in these succession proceedings, movers have failed to allege that they filed a filiation action at any point in these proceedings. In fact, in its current form, the motion contains no allegations but only argument as to movers’ interest in these proceedings. Under these circumstances, we find the trial court correctly sustained the peremptory exceptions in this case.
Accordingly, for the reasons assigned herein, the judgment of the trial court granting defendant’s exceptions and dismissing the Motion to Annul Judgment is hereby affirmed. Appellants shall bear all costs of this appeal.

AFFIRMED.

. This party's name is referred to during these proceedings as both "Armand” and "Ar-mond” but apparently refers to the same person.