STEPHEN J. WINDHORST, Judge.
| ¡^Appellant, Dr. Luden S. Miranne, Jr., appeals the district court’s dismissal of his petition for nullity. For the reasons stated below, we vacate the judgment of the district court dismissing appellant’s petition for nullity and remand the matter to the trial court for further proceedings.
PROCEDURAL HISTORY
On April 8, 2008, Christopher Ezzell filed a petition for damages for personal injuries against Miranne claiming that he received injuries after Miranne struck him. On April 1, 2010, after a jury trial, judgment was awarded in favor of Ezzell and against Miranne in the amount of $435,513.69, plus interest. The parties appealed the judgment. Ezzell v. Miranne, 11-228 (La.App. 5 Cir. 12/28/11), 84 So.3d 641. On appeal, this court previously increased Ezzell’s award for future pain and suffering by $75,000.00 and affirmed the judgment in all other respects. Id.
Subsequent to appeal, Ezzell filed a motion to tax costs against Miranne. On June 12, 2012, the trial court rendered judgment in favor of Ezzell and against Miranne for additional court costs in the amount of $31,560.49.
On July 20, 2012, Miranne filed a “Petition for Nullity and Motion for Temporary Restraining Order and Injunctive Relief.”[1] In the petition for nullity Miranne claimed that the original judgment rendered in the trial court, and the additur granted in this Court, were obtained by fraud and ill practices. Specifically, Miranne claimed that the judgments were procured by perjured testimony and/or by Ezzell’s failure to disclose new evidence that rendered the testimony given at trial by Ezzell false. The petition additionally sought to enjoin Ez-zell from collecting any further payments from Miranne (ie., additional court costs awarded on June 12, 2012) and from alienating, disposing, or otherwise encumbering any and all funds previously received from the prior judgments.[2]
On August 14, 2012, Ezzell filed a petition for garnishment against Miranne, directed to Miranne’s employer, Southern Brain and Spine, . L.L.C., seeking garnishment to recover payment of the additional court costs awarded on June 12, 2012. The trial court granted the petition on August 15, 2012. A writ of fieri facias, filed by Ezzell, was also granted and issued on the same day. In response to the orders signed on August 15, 2012, Miranne filed a “Motion for Expedited Hearing, Motion to Vacate Issuance of Writ of Fieri Facias and Motion to Set Hearing on Defendant’s Petition for Nullity of Judgment.” The motions were set October 2, 2012.[3]
Ezzell filed an answer to the petition for nullity on August 22, 2012, and an opposition to the petition for nullity on August 27, 2012. Additionally, on September 18, 2012, Ezzell filed a motion for sanctions against Miranne. Miranne filed an opposition to the motion for sanctions.
|4On October 2, 2012, the trial court conducted a hearing on the various motions *1096 and rendered judgment on October 9, 2012, denying Ezzell’s motion for sanctions, denying Miranne’s motion to vacate, and dismissing Miranne’s petition for nullity. Upon request, the trial court issued written reasons on November 16, 2012. This appeal followed.
DISCUSSION
In his only assignment of error, Miranne contends that the trial court erred in dismissing his petition for nullity, after a rule to show cause hearing, without affording ordinary procedure and a full evidentiary trial on the merits of his petition as required by the Louisiana Code of Civil Procedure. Ezzell contends that the trial court’s dismissal was procedurally proper.
This action is brought pursuant to La. C.C.P. art. 2004, which does not specify the manner in which one can assert the grounds for nullity. La. C.C. P.art. 2004 provides as follows:
A final judgment obtained by fraud or ill practices may be annulled.
A. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The Official Revision Comment (d) to La. C.C.P. art.2004 provides:
No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. (Citations omitted).
Additionally, La. C.C.P. art.2005 provides that “[a] judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled |aonly when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.”
An action for nullity of a final judgment alleging fraud or ill practice pursuant to La. C.C.P. art.2004 must be brought in an ordinary proceeding, rather than in a summary proceeding. Gazebo, Inc. v. City of New Orleans, 97-2769 (La.App. 4 Cir. 3/23/98), 710 So.2d 354, 356, In re Successions of James, 09-25 (La.App. 5 Cir. 6/23/09), 19 So.3d 1200, 1202; Willis v. Travelers Insurance Company, 545 So.2d 721, 721 (La.App. 3 Cir.1989). There is no authority in law to bring such an action in a summary proceeding. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1 Cir.1991); Johnson v. Vinson Guard Service, 577 So.2d 56, 59 (La.App. 1 Cir.1990), writ denied, 578 So.2d 915 (La.1991). An action for nullity alleging fraud is a relative nullity that must be asserted in a direct action filed in the court that.rendered the judgment, and the adverse party must be cited to appear as in ordinary suits. Champagne and Rodgers Realty Co., Inc. v. Henning, 06-237 (La.App. 5 Cir. 11/14/06), 947 So.2d 39, 45, writ denied, 06-2920 (La.3/9/07), 949 So.2d 440; Green v. Holmes, 10-880 (La.App. 5 Cir. 4/12/11), 68 So.3d 1; Willis, supra.
Miranne contends that the merits of his petition for nullity were not before the trial court on October 2, 2012. Specifically, Miranne argues that he was requesting injunctive relief pending a hearing on the merits of the petition for nullity as is established by Miranne’s memorandum in support of injunctive relief and the transcript of the hearing requesting a stay of the judgment awarding additional court costs.
Ezzell contends that the petition for nullity was set for contradictory hearing by Miranne. He also contends that both parties argued and offered evidence on the merits of the petition for nullity. He fur *1097 ther contends that since the trial court |fidetermined that the petition was predicated upon facts which were irrelevant or otherwise inadmissible, the trial court properly, and within its discretion, dismissed the matter after a hearing. Ezzell further argues that summary proceedings on petitions for nullity have been upheld by courts and thus, the summary proceeding in this case was proper. In support thereof, Ezzell cites In re Successions of James, 09-25 (La.App. 5 Cir. 6/23/09), 19 So.3d 1200 (dismissal on exception of prescription and no right of action upheld); Dooley v. Teller, 10-0067 (La.App. 4 Cir. 5/26/10), 2010 WL 8972212 (not reported) (dismissal upheld on grant of summary judgment); Melancon v. D & M Enterprises, 95-0644 (La.App. 4 Cir. 9/28/95), 662 So.2d 54 (dismissal upheld on grant of summary judgment); Mendonca v. Tidewater, Inc., 11-0318 (La.App. 4 Cir. 9/7/11), 73 So.3d 407 (dismissal upheld on grant of exceptions of res judicata and no cause of action).
The cases cited by Ezzell, however, are distinguishable. None of these dismissals were judgments deciding the merits of the case, ie., the primary demand. Rather, all were decided upon exceptions or upon motions for summary judgment, as opposed to a rule to show cause summarily deciding the entire case on its merits, as was done here. In the case before us, the petition for nullity was summarily dismissed on the merits pursuant to a rule to show cause.
La. C.C.P. art. 1571 and La. Dist. Ct. Rule 9.14 each provide that a court may not assign a case for trial until an answer is filed, and Rule 9.14 further requires certification (often called a “Rule 9.14 Certificate”) that all parties have answered or that preliminary defaults have been taken, all discovery has been completed, all preliminary matters have been disposed of, and that the case is ready for trial. Alternatively, a status or scheduling conference may be set. Reference is also made to Rule 9.14 in the Editor’s Notes to La. C.C.P. art. 1571.
|7In this case, at the time Miranne filed his motion and it was originally set, Ezzell had not filed an answer to the petition, as is required in. an ordinary proceeding, nor was there any certification that the Rule 9.14 requirements were fulfilled, nor any indication that they had occurred. Moreover, it is clear that Miranne’s sole purpose was not to set the case for trial on the merits, but to enjoin and prevent execution of the remaining portions of the judgment, notwithstanding that it was titled “Motion to Set Hearing on Defendant’s Petition for Nullity.” Miranne’s memorandum in support sought only to enjoin Ezzell from collecting any further payments from Mir-anne and from alienating, disposing, or otherwise encumbering any and all funds previously received from the prior judgments.
Moreover, a thorough review of the transcript reveals that Miranne argued and presented evidence with respect to injunctive relief and in opposition to the motion for sanctions, and did not argue or present evidence on the merits of the petition for nullity. The following arguments to the trial court during the hearing are relevant:
[Miranne’s Counsel] I don’t know if this court has had an opportunity to look at that CD or not. Maybe that will be reserved for the point in time when this matter comes up for an evidentiary hearing.
[Miranne’s Counsel] What’s at issue here right now I’m asking that Your Honor stay the $33,000 in costs and expenses that was awarded. Give us a chance to prove whether we have a petition — a valid petition for nullity or not, but it— there’s no uncertainty here, Judge.
*1098 | ¡¡[Miranne’s Counsel] What I respectfully submit to the Court, Your Honor, there is more than ample evidence here to at least stay the execution of the balance of the 30 or $33,000 in this case, have a hearing on the petition for nullity, and then we go from there.
Based on the above stated reasons, the trial court had no authority to determine the merits of and dismiss the petition for nullity at the contradictory hearing. An action for nullity is an ordinary proceeding and cannot be summarily brought as a motion. The cases cited by Ezzell are distinguishable and not applicable to the facts of this case. In those cases, the defendants in each nullity action filed exceptions or motions for summary judgment in response to the action for nullity, which may be heard by summary proceeding. In this case, Ezzell did not file or set for hearing any exceptions or motions to the petition for nullity. While a trial court may, sua sponte, raise any pertinent exception, it did not.[4]
While it is true that at the hearing counsel for Miranne argued facts related to nullity, the record establishes that those arguments were in defense of Ezzell’s La. C.C.P. art. 863 motion for sanctions for filing of the petition for nullity. The record clearly establishes that the substance of Miranne’s memorandum in support and oral argument were a request for injunc-tive relief, not a determination of the merits of the petition for nullity.
Accordingly, we find that the trial court erred in dismissing the petition for nullity, and the judgment of October 9, 2012 dismissing Miranne’s petition for |9nullity is hereby vacated, and the matter is remanded to the trial court for further proceedings.
In his appellee brief, Ezzell contends that the denial of attorney’s fees pursuant to his motion for sanctions was improper considering the defamation of Ezzell’s character during the hearing on the petition for nullity. Ezzell requests this court to grant his motion for sanctions for attorney’s fees.
An appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. Where another party has filed an appeal, a non-appealing party who seeks a change in the judgment can file an answer to the appeal. La. C.C.P. art. 2133(A).[5] In this case, Ezzell did not file an appeal or an answer, and therefore the judgment on the denial of Ezzell’s motion for sanctions cannot be altered. See, Matthews v. Consolidated Companies, Inc., 95-1925 (La.12/8/95), 664 So.2d 1191, 1191-1192; *1099 White Haute, LLC v. Mayo, 09-955 (La.App. 5 Cir. 3/23/10), 38 So.2d 944, 946; Wells v. Wells, 12-315 (La.App. 5 Cir. 1/16/13), 109 So.3d 45, 48-49; South Texas Pioneer Millwork v. Favalora Constructors, Inc., 11-722 (La.App. 5 Cir. 3/13/12), 90 So.2d 1092, 1098.
| ^CONCLUSION
For the above stated reasons, the judgment dismissing Miranne’s petition for nullity is vacated, and the matter is remanded to the trial court for further proceedings. Ezzell’s request for sanctions is denied.
JUDGMENT DISMISSING PETITION FOR NULLITY VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

. The court notes that this pleading failed to contain an order or rule to show cause to set the temporary restraining order and injunc-tive relief.

. Per the Satisfaction of Judgment in the record, Miranne has paid all monies due to Ez-zell, except for the additional court costs awarded in the June 12, 2012 judgment.

.The motions were originally set for hearing on August 28, 2012. Due to Hurricane Isaac, the motions were continued and reset for October 2, 2012, by agreement of the parties.

. The trial court or appellate court can sua sponte raise its own exception of no right of action. Perkins v. Carter, 09-673 (La.App. 5 Cir. 12/29/09), 30 So.3d 862, 865. The trial court can sua sponte raise its own exception of no cause of action. Moreno v. Entergy Corp., 10-2268 (La.2/18/11), 64 So.3d 761, 762; and La. C.C.P. art. 927(B).

. La. C.C.P. art. 2133(A) provides;
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appel-lee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court.