HIGGINBOTHAM, J.
*230 Anthony J. Montecino, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a Nineteenth Judicial District Court judgment that dismissed his suit on March 30, 2017, with prejudice, and at his cost. The district court judgment was rendered after de novo review of the record and adoption of a Commissioner's Report and Recommendation indicating that Montecino's petition for relief should be denied. The Commissioner's report noted that Montecino's diminution of sentence was calculated under 1995 La. Acts, No. 1099, which amended La. R.S. 15:571.3, so that Montecino was deemed to have earned all good time to which he is entitled at the beginning of his sentence, per DPSC regulations. His earned good time was forfeited due to disciplinary infractions; thus, Montecino no longer has any remaining good time credits.
According to the record, Montecino filed a motion for appeal in proper person, and was granted pauper status. Montecino's pro se appellate brief fails to comply with the applicable Uniform Rules-Courts of Appeal, Rule 2-12.4. The brief does not contain any assignments of error or issues for review, no record references, no briefing of arguments confined to the issues on appeal, no district court rulings, and no jurisdictional statement. While the sanction to be imposed for a non-conforming brief is discretionary, this Court routinely considers non-compliant briefs when filed by pro se parties. See Sheridan v. Pride & Hope Ministry Family Support Services , 2013-1666 (La. App. 1st Cir. 5/2/14), 147 So.3d 717, 719 ; Williams v. Fischer , 439 So.2d 1111, 1112 (La. App. 1st Cir. 1983). Thus, in light of Montecino's pro se status wherein he is representing himself in this case, we will attempt to determine the substance of his arguments and treat them as though properly raised.
Apparently, Montecino is dissatisfied with the Commissioner's report and recommendation that the DPSC had the authority to institute a policy that credits and deems earned all good time to which an offender is entitled at the beginning of his sentence, as opposed to an older procedure of calculating the amount earned and/or forfeited each month. Montecino also believes that the decision in Cao v. Stalder , 2004-0650 (La. App. 1st Cir. 5/6/05), 915 So.2d 851, 857-58, is controlling and mandates that his good time credits cannot be forfeited.
As explained by the Commissioner, however, the legislature sets the rates for earning diminution of sentence, and DPSC determines the procedures for earning and forfeiting good time, pursuant to statutory authority provided by La. R.S. 15:821. Montecino's good time is calculated under Act 1099, which was effective on January 1, 1997, and amended La. R.S. 15:571.3(B), by providing that an offender convicted for a crime of violence for the first time could earn diminution of sentence at a rate of 3 days for every 17 days in actual custody. We note that the date of the commission of the offense controls the computation of the diminution of sentence. See State ex rel. Bickman v. Dees , 367 So.2d 283, 287 (La. 1978).
Since Montecino is serving a 20-year sentence for manslaughter, a crime of violence as defined by La. R.S. 14:2(B), that was committed on August 18, 2010, and his sentencing date was on August 6, 2012, he is not entitled to earn diminution of sentence at an increased rate (as provided in the older version of the statute). Nothing in the record indicates an error in *231 the computation of Motecino's good time credits by DPSC. "[A] strict construction of the statute mandates the conclusion that unless good time has been earned by an inmate, it cannot be forfeited. Therefore, forfeiture of prospective or future good time is not authorized by the statute, and the imposition of such a penalty is excessive." [Emphasis in original.] Cao , 915 So.2d at 857-58. However, the interpretation expressed in Cao and relied on by Montecino, does not apply to his forfeiture of good time credits.
DPSC instituted a policy that was effective August 1, 2012, where an offender is credited with and deemed to have earned all good time to which the offender is entitled at the beginning of his sentence; thus, Montecino's good time is not prospective or future as he asserts. Due to DPSC's policy, all of his 1,096 days earned at the rate of 3 days for every 17 days served for his 20-year sentence for manslaughter, are considered earned at the start of his sentence and can be forfeited. According to the record and the Commissioner's report, Montecino has lost or forfeited 1,245 days of good time for disciplinary infractions that were not appealed. Consequently, Montecino's forfeitures clearly outnumbered his credits at the time of his appeal.
The policy in question was operative within the statutory mandates and authority given to DPSC by La. R.S. 15:821.[1] Moreover, La. R.S. 15:571.4 provides for the forfeiture of diminution of sentence, as follows:
A. Determination shall be made by the secretary as to whether good time or credits toward the reduction of the projected good time parole supervision date has been earned by inmates in [DPSC's] custody. Good time, or credits toward the reduction of the projected good time parole supervision date, which has been earned by inmates in the custody of [DPSC] ..., shall not be forfeited except as provided in Subsection D of this Section.
* * *
D. [DPSC] shall adopt rules to govern the imposition of the forfeiture of good time or credits toward the reduction of the projected good time parole supervision date for the causes enumerated in Subsection B of this Section and the restoration of good time or credits toward the reduction of the projected good time parole supervision date under the conditions enumerated in Subsection C of this Section....
This statute establishes that DPSC, and its secretary, have the authority and discretion to regulate how good time is both earned and forfeited; thus, DPSC's policy crediting all good time at the beginning of an offender's sentence is valid under both La. R.S. 15:821 and La. R.S. 15:571.4.
After a thorough review of the record and the Commissioner's report, we find no error in the district court's judgment that adopted the Commissioner's recommendation. For these reasons, we affirm the district court's judgment dismissing Montecino's petition. We issue this summary disposition in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2(A)(2), (4), (5), and (6). All costs associated with this appeal are assessed against *232 plaintiff-appellant Anthony J. Montecino.[2]
AFFIRMED.
Holdridge J., concurs in the result.

Louisiana Revised Statute 15:821 provides, in pertinent part, "The functions of [DPSC] shall comprise administrative functions of the state now or hereafter authorized by law to be exercised in relation to the administration, management and operation of all state institutions for the care, custody and correction of persons sentenced for felonies or misdemeanors."

Although Montecino filed this appeal in forma pauperis, since we find no merit in his appeal, the appellate costs may be assessed against him. See Richardson v. North Oaks Hospital , 2011-1258 (La. App. 1st Cir. 2/13/12), 91 So.3d 361, 365 n.5.