# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2021 CA 1326

## THE UNITED MOST WORSHIPFUL KING GEORGE'S GRAND LODGE A.F. & A. MASONS OF THE STATE OF LOUISIANA (a/k/a KING GEORGE GRAND LODGE)

## VERSUS

## TORREY LEWIS and EAST BATON ROUGE ADJUDICATED PROPERTY INC.

Judgment rendered: **APR 0 8 2022**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 658466

The Honorable William A. Morvant, Judge Presiding

* * * * *

Torrey Lewis
Baton Rouge, Louisiana

Plaintiff/Appellant
Self-Represented Litigant


Gregory E. Payton
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
The United Most Worshipful King
George's Grand Lodge A.F. & A.
Masons of the State of Louisiana (a/k/a
King George Grand Lodge)


* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

WEG by 4th Chutz, J. concurs

**HOLDRIDGE, J.**

In this property dispute, the appellant, Torrey Lewis, appeals a trial court judgment that denied his motion to nullify an earlier judgment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The appellee, United Most Worshipful King George's Grand Lodge A.F. & A. Masons of the State of Louisiana (the Lodge), filed a "Petition for Declaratory Judgment and Damages," naming Torrey Lewis and East Baton Rouge Adjudicated Property Inc. ("EBRAP") as defendants. The appellee alleged that it entered into a non-warranty cash sale with the Parish of East Baton Rouge in 2014 to purchase three tracts of land in Northdale Subdivision on Scenic Highway in Baton Rouge for $350.00 each.

Following its purchase, the appellee alleged that it entered the property to hold a "cookout fundraiser" in February 2015. At the cookout fundraiser, Torrey Lewis approached members of the Lodge and informed them that he was owner of the property at issue. The appellee alleged that after it received a letter demanding it remove signage from the property, it reviewed the mortgage records and found that Torrey Lewis, acting as registered agent of EBRAP, filed and recorded an affidavit of intent to purchase the property at issue on January 4, 2006. However, the appellee alleged that there was no record of a purchase being completed prior to it buying the property at issue. Rather, the appellee alleged that on April 6, 2015, after it purchased the property at issue, Torrey Lewis recorded an act of cash sale dated May 14, 2007.

2

A bench trial occurred on May 28, 2019. George Downing appeared as a court-appointed attorney for the appellant.[1] Mr. Downing asserted that the attorney's return showed his unsuccessful attempts to contact the appellant. Following the bench trial, the trial court rendered judgment in favor of the appellee, and signed a judgment on February 7, 2020 that declared the appellee as the "full and exclusive owner of the property in controversy" and that neither the appellant nor EBRAP had "any right, title, interest, or right" in the property at issue.

On May 19, 2021, the appellant filed a "Motion To Nullify" asserting that the February 7, 2020 judgment was obtained through "fraud and/or ill practice," alleging that "there is no corporation listed with the King George Grand Lodge name." On June 25, 2021, the appellee filed a "Motion to Amend Judgment, Disqualify Counsel & Exceptions." In its motion, the appellee stated that the proper spelling of its name was "The United Most Worshipful King George's Grand Lodge A.F. & A. Masons of the State of Louisiana." Therefore, the appellee requested that the judgment signed on February 7, 2020 be amended. The appellee further filed a peremptory exception raising the objections of nonjoinder of a party and no right of action and a dilatory exception raising the objections of unauthorized use of summary proceeding and vagueness and nonconformity pursuant to La. C.C.P. art. 891. The appellee suggested that the appellant's motion to nullify should have been brought by an ordinary proceeding in a new suit rather than collaterally attacking the February 7, 2020 judgment in a summary proceeding. The appellee further argued

---

[1] In the record, Mr. Downing was designated as the curator for the appellant. See La. C.C.P. art. 5091(C) which states that "[t]he improper designation of the attorney appointed by the court to represent such a defendant as curator ad hoc, tutor ad hoc, special tutor, or any other title, does not affect the validity of the proceeding."

3

that an action for nullity of a final judgment alleging fraud pursuant to La. C.C.P. art. 2004[2] should be brought in an ordinary proceeding.

Following a hearing on August 23, 2021, the trial court orally denied the appellant's motion to nullify the February 7, 2020 judgment.[3] On August 25, 2021, the trial court signed a judgment in accordance with its August 23, 2021 open court ruling, denying the appellant's motion to nullify the February 7, 2020 judgment, granting the appellee's motion to amend the judgment to reflect the proper name of the appellee, and deferred all the exceptions and motions filed in response to the appellant's motion to nullify.[4]

On August 23, 2021, the appellant "move[d] the court for an order of appeal to the First [Circuit] Court of Appeal[.]"[5] The trial court signed the order on August 23, 2021.

---

[2] Louisiana Code of Civil Procedure article 2004 provides:

    A. A final judgment obtained by fraud or ill practices may be annulled.
    B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

The Official Revision Comment (d) to La. C.C.P. art. 2004 provides:

    No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. (Citations omitted.)

[3] The transcript from the August 23, 2021 hearing is not in the record.

[4] We note that although the order of appeal was signed before the final judgment, the defect was cured with the signing of the August 25, 2021 judgment. See **In re Tutorship of Ingraham**, 565 So.2d 1012, 1020 (La. App. 1 Cir. 1990), writ denied, 568 So.2d 1078 (La. 1990).

[5] The appellant's self-represented litigant brief fails to list any assignments of error and does not comply with Uniform Rules—Courts of Appeal, Rule 2-12.4. The brief does not contain any assignments of error or issues for review, no record references, and no jurisdictional statement. While the sanction to be imposed for a non-conforming brief is discretionary, this Court routinely considers non-compliant briefs when filed by self-represented parties. See **Sheridan v. Pride & Hope Ministry Family Support Services**, 2013-1666 (La. App. 1 Cir. 5/2/14), 147 So.3d 717, 719; **Williams v. Fischer**, 439 So.2d 1111, 1112 (La. App. 1 Cir. 1983). Thus, in light of the appellant's self-represented litigant status, in the interest of justice, we will attempt to determine the substance of his arguments and treat them as though properly raised. See **Montecino v. Louisiana Department of Public Safety and Corrections**, 2017-0735 (La. App. 1 Cir. 12/21/17), 240 So.3d 229, 230, writ not considered, 2018-1039 (La. 9/21/18), 252 So.3d 493.

After the record was lodged with this court, this court issued a show cause order, noting that two judgments appeared in the record (February 7, 2020 and August 25, 2021), but the motion for appeal "did not specify the date of the judgment that [the plaintiff] is seeking an appeal from." The show cause order noted that to the extent the appellant is seeking review of the February 7, 2020 judgment, the appeal appeared untimely.

## RULE TO SHOW CAUSE

Initially, we must consider the rule to show cause order issued by this court, *ex proprio motu,* on December 21, 2021, following the lodging of the appellate record. The rule to show cause order directed the parties to show cause as to what judgment was properly before this court on appeal and/or why the appeal should not be dismissed as untimely. The appellant responded that he is appealing "the judgment rendered on August 23, 2021[.]"[6] The rule to show cause was referred to the panel hearing the merits of the appeal.

Appeals are favored in the law and shall be maintained unless the ground urged for dismissal is free from doubt and clearly shown. **Donley v. Acadian Ambulance Service**, 2011-1289 (La. App. 1 Cir. 3/23/12), 2012 WL 992110, *2 (unpublished). An appeal is not to be dismissed for a mere technicality. **Id.** Unless the ground urged is free from doubt, the appeal should be maintained. **U.S. Fire Ins. Co. v. Swann**, 424 So.2d 240, 245 (La. 1982). In the instant appeal, although the motion and order for appeal do not indicate what specific judgment is being appealed, it appears from his rule to show cause brief that the appellant is seeking review of the August 25, 2021 judgment denying the motion to nullify the February 7, 2020 judgment. Further, in his appellant brief, the appellant contends that the trial

---

[6] We note that the appellant incorrectly stated the date of the hearing, August 23, 2021, instead of the date the trial court signed the judgment, August 25, 2021, in his brief.

5

court erred in failing to grant his motion to nullify and requests "that the judgment rendered on February 7, 2020 be nullified." Because appeals are favored and will be dismissed only when the grounds are free from doubt, this court should maintain the appeal from the August 25, 2021 judgment in light of the appellant's self-represented litigant status. See **Hancock Bank of Louisiana v. Robinson**, 2020-0791 (La. App. 1 Cir. 3/11/21), 322 So.3d 307, 310 n. 2, wherein the self-represented appellants' motion for appeal referenced the incorrect date of a judgment and the order of appeal was silent as to which judgment was being appealed. Although the appellees contended that this court had no jurisdiction to entertain the appeal because the incorrect date was listed on the notice of appeal, this court considered "the merits of [the] appeal in light of appellants' status as self-represented litigants." **Id.** Accordingly, the appellant's appeal is maintained.

## DISCUSSION

In the instant matter, the appellant is appealing the judgment rendered on August 25, 2021, which denied the defendant's motion to nullify the February 7, 2020 judgment. The basis of the appellant's motion to nullify was that the defendant was not the owner of the property at issue because there was not a corporation listed with the "King George Grand Lodge name" according to the Louisiana Secretary of State's office. Therefore, the appellant asserted that the February 7, 2020 judgment was obtained through fraud and/or ill practice.

In deciding a case on a nullity, the issue for the reviewing court is whether a judgment was rendered through some improper practice or procedure. **Sun Industries, L.L.C. v. UATC & Associates, Inc.**, 2016-1109 (La. App. 1 Cir. 8/16/17), 2017 WL 3498162, *2 (unpublished). The abuse of discretion standard applies to appellate review of a trial court decision concerning whether a judgment should be annulled for fraud or ill practice. **Id.**

6

An action for nullity of a final judgment alleging fraud or ill practice pursuant to La. C.C.P. art. 2004 must be brought by ordinary proceeding, rather than in a summary proceeding. **In re Successions of James**, 09-25 (La. App. 5 Cir. 6/23/09), 19 So.3d 1200, 1202. There is no authority in law to bring such an action in a summary proceeding. **Bonaventure v. Pourciau**, 577 So.2d 742, 746 (La. App. 1 Cir. 1991); **Johnson v. Vinson Guard Service Inc.**, 577 So.2d 56, 59 (La. App. 1 Cir. 1990), writ denied, 578 So.2d 915 (La. 1991). An action for nullity alleging fraud or ill practice is a relative nullity that must be asserted in a direct action filed in the court that rendered the judgment, and the adverse party must be cited to appear as in ordinary suits. See **Smith v. LeBlanc**, 2006-0041 (La. App. 1 Cir. 8/15/07), 966 So.2d 66, 72; **Roach v. Pearl**, 95-1573 (La. App. 1 Cir. 5/10/96), 673 So.2d 691, 693.

Upon review of the record, we find that the appellant seeks to annul the February 7, 2020 judgment under La. C.C.P. art. 2004. An action for nullity based on fraud or ill practice must be timely brought by a direct action (*i.e.*, a petition to annul), citing the appropriate adverse party to appear. Because the appellant is prohibited from annulling the February 7, 2020 judgment under La. C.C.P. art. 2004 via summary proceeding (*i.e.*, "Motion To Nullify"), the trial court did not err in denying the appellant's self-represented motion to nullify the February 7, 2020 judgment. See **State v. Ramos**, 18-136 (La. App. 5 Cir. 12/27/18), 264 So.3d 564, 567-68.

Accordingly, we find that the trial court did not abuse its discretion in denying the appellant's motion to nullify.[7]

---

[7] We note that although the record does not contain the transcript from the August 23, 2021 hearing on the appellant's motion to nullify, it is clear from the pleadings in the record that the appellee's dilatory exception raising the objection of unauthorized use of summary proceeding pursuant to La. C.C.P. art. 891 should have been granted. Without the transcript from the August 23, 2021

7

**CONCLUSION**

For these reasons, the trial court's August 25, 2021 judgment denying the appellant's motion to nullify is affirmed. Appeal costs are assessed to the appellant, Torrey Lewis.

**APPEAL MAINTAINED; AFFIRMED.**

---

hearing, we are uncertain as to whether there were other grounds to deny the appellant's motion to nullify the February 7, 2020 judgment.

8