# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2025 CA 0565

# RASHAAD PITTMAN

# VERSUS

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: DEC 1 7 2025

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. C740576

The Honorable Tarvald A. Smith, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Rashaad Pittman<br>St. Gabriel, Louisiana | Plaintiff/Appellant,<br>In Proper Person,<br>Rashaad Pittman |
| Robert R. Rochester, Jr.<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |

\* \* \* \* \*

BEFORE: MILLER, EDWARDS, FIELDS, JJ.

**MILLER, J.**

Rashaad Pittman, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("Department"), who is currently housed at Raymond Laborde Correctional Center, appeals a district court judgment sustaining the Department's exception of res judicata and dismissing Pittman's suit for judicial review with prejudice. For the following reasons, we reverse the district court's judgment and remand this matter to the district court with instructions.

## FACTS AND PROCEDURAL HISTORY

Pittman began serving consecutive fifteen-year sentences on February 12, 2014.[1] On December 5, 2023, Pittman submitted a complaint to the Department regarding his good time calculation, which was designated as Administrative Remedy Procedure ("ARP") RLCC-2023-700. The Department accepted his complaint on December 8, 2023, and issued its first step response on December 12, 2023, denying Pittman's request for relief.[2] After receiving the Department's first

---

[1] It appears from the record that Pittman was convicted of armed robbery and attempted second degree murder. He was seventeen years old at the time he committed the crimes.

[2] In its first step response, the Department stated:

This is in response to the first step of your ARP where you contend that the 915 days forfeiture of good time was taken in error due to the good time had not been earned yet. You are asking for 549 days of forfeiture of good time to be restored.

In reviewing your record it has been determined that you are serving a 15 year sentence under Act 1099 and must serve 85% of the 15 year sentence. You automatically earned 822 days of good time on the 15 year sentence upon the date you were sentenced. You also earned an additional 265 days of CTRP for programs completed which gives you a total of 1,087 days of good time earned. You have forfeited 915 days of the 1087 days for good time due to disciplinary proceedings. Per Department Regulation No. OP-D-1, all offenders regardless of the good time act the offender is serving, shall be considered to have earned all allowed good time beginning on the date of initial sentence. Your request for relief is denied.

Act 1099 refers to 1995 La. Acts 1099, § 1, effective January 1, 1997, which amended and reenacted La. R.S. 15:574.4(B) to require that persons convicted of a crime of violence serve 85% of their sentence prior to being eligible for parole. Brumfield v. Louisiana Department of Public Safety and Corrections, 2022-0869 (La. App. 1st Cir. 12/22/22), 358 So. 3d 70, 73 n.5. Further, Act 1099 amended La. R.S. 15:571.3 to provide that an inmate convicted a first time of a crime of violence could earn diminution of sentence, i.e., good time credit, at a rate of three days for every seventeen days in actual custody (3 days for 17 days). Buford v. LeBlanc, 2015-0765 (La. App. 1st Cir. 12/23/15), 186 So. 3d 173, 178.

step response, Pittman indicated that he was not satisfied with the response and wanted to proceed to the second step. On December 27, 2023, the Department received Pittman's request for review. Afterward, on January 25, 2024, the Department issued its second step response, stating that Pittman's "request was adequately addressed at the first step" and that Pittman's request for relief was denied.

After exhausting his administrative remedies, on November 13, 2023, Pittman filed a "Petition for Judicial Review," requesting review of ARP RLCC-2023-700. Pittman asserted that the Department forfeited 930 days of his good time, with 381 of those days being earned and 549 of those days being unearned at the time of forfeiture. He argued that "unless good time has been earned by the offender, it cannot be forfeited." Therefore, he requested that 549 days of unearned good time be restored.

The Department filed an exception of res judicata on February 28, 2024, requesting the dismissal of Pittman's petition for judicial review. The Department contended that Pittman previously filed the same cause of action against the Department in civil suit number 682505. Specifically, the Department stated, "Pittman previously sued the Department regarding the calculation of his sentencing credits and credit for time served; in fact, his most recent incarnation of this same claim against the same defendant was dismissed by this Court." The Department attached, through the affidavit of an administrative coordinator, "true and exact copies of the entire administrative proceedings" in ARP RCC-2019-173, which was rejected at the first step for being repetitive to ARP RCC-2017-805.

On April 19, 2024, the Commissioner of the Nineteenth Judicial District Court[3] issued a "Stay Order and Remand." The Commissioner ordered that the

_____

[3] The office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations

matter be stayed for sixty days to allow the Department an opportunity to answer Pittman's grievance in more detail and to supplement the suit with the administrative record of ARP RLCC-2023-700. On May 13, 2024, the Department supplemented the suit and amended its second step response. The amended second step response stated:

> It has been requested by the Court to provide additional information in regards to your grievance where you claim you had yet to earn the good time you forfeited for rule violations you had been found guilty of. Department Regulation No. OP-D-1 states that all offenders, regardless of the good time act the offender is serving, shall be considered to have earned all allowed good time beginning on the date of initial sentence. All good time on the sentence is earned on the day of sentencing. Therefore, making the good time ripe for forfeiture anytime from that date. Also, in the first and second step response to ARP No. RCC-2017-805, you were informed of the same information above. The second step response to this ARP included a copy of the "Application for Restoration of Good Time" form which you could fill out and submit it to RCC staff requesting to have some of the forfeited good time restored. Department Regulation No. OP-D-2 indicates that any offender who has received a forfeiture of good time as a result of disciplinary action shall be eligible to be considered for restoration of previously forfeited good time when the following requirements are met: have not been found guilty of a major rule violation for a period of at least 24 consecutive months since the last date of forfeiture; had not been found guilty of a minor rule violation for a period of at least 6 consecutive months since the last date of forfeiture; and the forfeited goodtime was not result of a violation of Rule 8, Escape or Attempt to Escape, or from any rule violation imposed as a result of battery of an employee, visitor, guest, or their families. Therefore, when ARP No. RCC-2019-173 was received, it was determined to reject this ARP because it was a repetitive concern that had already been addressed in ARP No. RCC-2017-805.
>
> Your request for relief is denied with explanation.

Pittman filed a traversal on June 3, 2024.[4] He contended that "[p]ursuant to La. R.S. 15:1171[, his] claim is arguable and must be legally considered." Further, in support of his argument that good time is earned on a monthly basis, he cited

---

are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); Collins v. Louisiana Department of Public Safety and Corrections, 2020-0958 (La. App. 1st Cir. 4/16/21), 2021 WL 1438718, *1 n.2 (unpublished), writ denied, 2021-00706 (La. 10/12/21), 325 So. 3d 1067.

[4] Pittman filed a second traversal on June 10, 2024, setting forth the same arguments that are contained in his traversal filed on June 3, 2024.

Department Regulation No. OP-D-1, La. R.S. 15:571.4, and Cao v. Stalder, 2004-0650 (La. App. 1ˢᵗ Cir. 5/6/05), 915 So. 2d 851.[5]

On October 2, 2024, the Commissioner issued a report, recommending the Department's exception be sustained and Pittman's suit for judicial review be dismissed with prejudice. Pittman filed a traversal of the Commissioner's report on October 24, 2024. He contended that he has tried to address the forfeiture of good time through the Department to no avail due to the Department transferring him from facility to facility.[6] Specifically, he stated that he was not given access to the courts and legal aid and that he was unable to respond to and address his affairs. Further, he alleged that he was unable to complete the appeal process in ARP RCC-2017-805 and that he was forced to abandon civil suit number 682505 because he was "housed in the cell block or maximum security housing."[7]

After a *de novo* consideration of the pleadings, together with Pittman's traversal, the district court issued a judgment on October 31, 2024, adopting the written recommendation of the Commissioner to sustain the Department's exception of res judicata and dismissing Pittman's suit for judicial review with prejudice. Notice of that judgment was mailed on November 5, 2024. On January 2, 2024, Pittman filed a "Motion for Intent to File a Writ" ("first motion"), seeking review of

---

[5] We note that the interpretation expressed in Cao and relied on by Pittman does not apply to his forfeiture of good time credits. The Department instituted a policy that was effective August 1, 2012, where an offender is credited with and deemed to have earned all good time to which the offender is entitled at the beginning of his sentence; thus, Pittman's good time is not earned on a monthly basis as he contends. See Montecino v. Louisiana Department of Public Safety and Corrections, 2017-0735 (La. App. 1ˢᵗ Cir. 12/21/17), 240 So. 3d 229, 231. Due to the Department's policy, all of Pittman's good time is considered to be earned at the start of his sentence and can be forfeited. See id. Moreover, La. R.S. 15:571.4 establishes that the Department and its secretary have the authority and discretion to regulate how good time is both earned and forfeited; thus, the Department's policy crediting all good time at the beginning of an offender's sentence is valid under both La. R.S. 15:821 and La. R.S. 15:571.4. Montecino, 240 So. 3d at 231.

[6] For the time period pertinent to this appeal, Pittman's record establishes that he moved to Rayburn Correctional Center on September 3, 2014; he moved to Dixon Correctional Institute on November 4, 2019; he moved to Elayn Hunt Correctional Center on January 5, 2021; and he moved to Raymond Laborde Correctional Center on September 6, 2022.

[7] It is unclear from the record what limitations are imposed while in "the cell block" or in "maximum security housing," which Pittman claimed frustrated his ability to address his affairs.

his petition for judicial review that was dismissed by the district court. However, Pittman did not include an order with his first motion. Afterward, on February 5, 2025, Pittman filed a "Motion of Intent" ("second motion"), requesting review of his petition for judicial review that was dismissed by the district court, with a proposed order attached. On April 1, 2025, the district court signed Pittman's proposed order, granting his second motion.

## RULE TO SHOW CAUSE

On July 3, 2025, this court issued an order, ex proprio motu, directing the parties to show cause why the appeal should or should not be dismissed as untimely. On July 28, 2025, Pittman filed a brief with this court, contending that his appeal should be maintained. He contended that his first motion was timely filed, but on January 3, 2025, the district court notified him that he must submit a proposed order for the district court to sign. He further asserted that on January 26, 2025, he filed his second motion with a proposed order attached for the district court to sign, and due to correspondence between himself and the district court, he believed his "time duration was still valid[.]" He asserted that the district court's communications caused confusion, and he noted that he is a pro se litigant.[8]

Louisiana Code of Civil Procedure article 2087(A)(1) provides:

Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:

(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

---

[8] Pittman also contended that on February 13, 2025, the district court sent him a notification suggesting he file a motion for appeal. Thereafter, on April 7, 2025, Pittman filed a third motion, which was titled "Motion of Intent," with a proposed order for the district court to sign. However, that order was not signed by the district court and is not at issue here because on April 1, 2025, the district court signed the order attached to Pittman's second motion.

6

As cited in Article 2087, La. C.C.P. art. 1974 states that a party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or delivered in open court, or the sheriff has served, the notice of judgment as required by Article 1913. For purposes of calculating the new trial delay herein, Saturdays, Sundays, and Veterans' Day (Monday, November 11, 2024) are excluded. See La. C.C.P. art. 5059; La. R.S. 1:55(E)(1)(a)(i); Malone v. Malone, 265 So. 2d 255, 256 (La. App. 1st Cir. 1972), writ granted, 266 So. 2d 447 (1972), and affirmed, 282 So. 2d 119 (La. 1973) (excluding Veterans' Day from the delay for applying for a new trial).

The notice of judgment was mailed on November 5, 2024, so the new trial delay expired on November 15, 2024, and the devolutive appeal delay expired on January 14, 2025. Therefore, Pittman's second motion, filed on February 5, 2025, was untimely. However, Pittman's first motion, filed on January 2, 2024, was filed within the devolutive appeal delay. While Pittman did not include the date of the judgment he was appealing from in his first motion, it is obvious that he sought to appeal the October 31, 2024 judgment because it is the only judgment in the suit record. Further, even though Pittman titled his first motion "Motion for Intent to File a Writ," the district court could have disregarded the erroneous title on the pleading and treated the pleading as a timely motion for devolutive appeal. See In re Howard, 541 So. 2d 195, 197 (La. 1989) (per curiam);[9] see also Bell v. Louisiana Department of Public Safety and Corrections, 2020-0067 (La. App. 1st Cir. 11/6/20), 315 So. 3d 301, 303 n.3. Additionally, while Pittman failed to attach an order to his first motion,

_____

[9] In In re Howard, 541 So. 2d at 197, the Louisiana Supreme Court stated:

> Relator made a mistake when he sought review of the judgment by supervisory writs rather than by appeal. Nevertheless, relator's filing of a motion and order in the trial court on June 24, 1988 was well within the delay for taking a devolutive appeal. La. C.C.P. art. 2087 and 2121. Although the filing was erroneously entitled a notice of intent to apply for supervisory writs, the trial court could simply have disregarded the erroneous title on the pleading and treated the pleading (which obviously sought review of the June 14, 1988 judgment) as a timely motion for devolutive appeal, and could have granted the appropriate order.

we note that he is a pro se litigant and is entitled to some leeway. See State v. Newman, 2024-0231 (La. App. 1st Cir. 11/13/24), 405 So. 3d 980, 983 n.2 ("The law affords pro se litigants some leeway and patience in the form of liberally construed pleadings."); see also Whitney Bank v. Rayford, 2021-0407 (La. App. 1st Cir. 4/5/22), 341 So. 3d 741, 744.[10] Therefore, given the facts before us, we maintain the appeal.

## DISCUSSION

The Corrections Administrative Remedy Procedure, set forth in La. R.S. 15:1171-1179, provides the Department may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, the Department, or its employees. Barnes v. Louisiana Department of Public Safety and Corrections, 2024-0042 (La. App. 1st Cir. 9/20/24), 405 So. 3d 628, 630, writ denied, 2024-01339 (La. 1/28/25), 399 So. 3d 415. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171(B); see also Spikes v. Louisiana Department of Public Safety and Corrections, 2022-0504 (La. App. 1st Cir. 11/4/22), 354 So. 3d 84, 86-87. The rules and procedures promulgated by the Department are set forth in LAC 22:I.325. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in state court. La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii); see also Spikes, 354 So. 3d at 87.

An offender aggrieved by an adverse decision rendered pursuant to any ARP can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. See La. R.S. 15:1177(A). On review of the

---

[10] Under La. C.C.P. art. 2121, an appeal requires a petition or motion for appeal, an order of appeal, and a notice of appeal. Whitney Bank, 341 So. 3d at 744. Even so, as appeals are favored, appellate courts should not be "overly technical" in the interpretation of these requirements. Id. An appeal should not be dismissed unless the law clearly requires a dismissal, and an appeal is not to be dismissed for a mere technicality. Id.

agency decision, the district court functions as an appellate court. <u>Brown v. Louisiana Department of Public Safety and Corrections</u>, 2015-1958 (La. App. 1st Cir. 9/19/16), 277 So. 3d 326, 329. The district court's review shall be confined to the record and limited to the issues presented in the petition for review and the ARP filed at the agency level. <u>See</u> La. R.S. 15:1177(A)(5).

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. <u>Colvin v. Louisiana Department of Public Safety and Corrections</u>, 2023-1175 (La. App. 1st Cir. 5/31/24), 2024 WL 2971242, *3 (unpublished), <u>writ denied</u>, 2024-00869 (La. 10/23/24), 395 So. 3d 250.

On appeal, Pittman maintains his argument regarding his good time calculation and contends the district court erred in sustaining the Department's exception of res judicata and dismissing his suit for judicial review.

The peremptory exception raising the objection of res judicata is based on the conclusive legal presumption that there should be no relitigation of a thing previously adjudged between the same parties. <u>Three Rivers Commons Owners' Association, Inc. v. Grodner</u>, 2023-0050 (La. App. 1st Cir. 10/31/23), 382 So. 3d 972, 977. Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit and promotes judicial efficiency and final resolution of disputes. <u>Id</u>. The doctrine of res judicata is codified in La. R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Thus, under La. R.S. 13:4231, all of the following criteria must be satisfied in order for res judicata to preclude a second action: (1) the first judgment is valid; (2) the first judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Morrison v. LeBlanc, 2014-0332 (La. App. 1st Cir. 12/23/14), 2014 WL 7331929, *3 (unpublished) (citing Burguieres v. Pollingue, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053).

The burden of proving the facts essential to sustaining the objection of res judicata is on the party pleading the objection. Painter v. State Through Office of Governor, 2023-0845 (La. App. 1st Cir. 4/28/25), 417 So. 3d 641, 651. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Wicker v. Louisiana Farm Bureau Casualty Insurance Company, 2018-0225 (La. App. 1st Cir. 9/21/18), 257 So. 3d 817, 821. The concept should be rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. Quatrevingt v. State, 2025-0081 (La. App. 1st Cir. 9/19/25), 2025 WL 2736955, *4 (unpublished). The res judicata effect

of a prior judgment is a question of law that is reviewed *de novo* on appeal. Three Rivers Commons Owners' Association, Inc., 382 So. 3d at 978.

The first judgment, contained in civil suit number 682505, was signed on May 19, 2020, and appears to be a valid and final judgment[11] between Pittman and the Department. Further, it appears that the cause of action asserted in civil suit number 682505, Pittman's good time calculation, is similar to the cause of action raised here. While the two appear to have the same legal issues, it is unclear whether the facts are identical regarding his good time calculations. Additionally, we are unable to conclude that Pittman's cause of action here existed at the time of the May 19, 2020 judgment. Pittman contested his good time calculation in both ARP RLCC-2023-700 and ARP RCC-2019-173. However, the dates contested and the number of days that he seeks to be restored are not entirely the same in both ARPs.[12]

Additionally, the record before us lacks information regarding ARP RCC-2019-173 and civil suit number 682505. The May 19, 2020 judgment affirmed the Department's decision in ARP RCC-2019-173 and dismissed Pittman's suit for judicial review with prejudice. However, the Department's first step and second step responses in ARP RCC-2019-173 are not in the record. The only document with a response issued by the Department in ARP RCC-2019-173 that is in this record is the "Offenders Relief Request Form," and it states that Pittman's complaint was rejected because it was "repetitive to . . . [ARP] RCC-2017-805." Thus, we are

---

[11] A valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given, and a final judgment is one that disposes of the merits in whole or in part. La. C.C.P. art. 1841; Global Marketing Solutions, L.L.C. v. Chevron U.S.A. Inc., 2018-1765 (La. App. 1st Cir. 9/27/19), 286 So. 3d 1054, 1062, writ denied, 2019-01886 (La. 2/10/20), 347 So. 3d 741.

[12] In ARP RLCC-2023-700, Pittman asserted that the Department forfeited 930 days of his good time, with 381 of those days being earned and 549 of those days being unearned at the time of forfeiture, and he requested that 549 days of unearned good time be restored. Previously, in ARP RCC-2019-173, Pittman alleged that the Department forfeited 820 days of his good time, with 280 of those days being earned and 540 of those days being unearned at the time of forfeiture, and he requested that 540 days of unearned good time be restored. Additionally, in ARP RCC-2017-805, Pittman challenged the calculation of his good time, and the Department's first step response found that Pittman had 820 days of good time and that he lost 780 of those days.

unable to determine if the district court in civil suit number 682505 considered the merits of Pittman's good time complaint when it affirmed the Department's decision in the May 19, 2020 judgment, or whether it simply affirmed the Department's decision that Pittman's complaint was repetitive to ARP RCC-2017-805.

Further, Pittman argues that he was not able to fully litigate civil suit number 682505 and was forced to abandon his claims because the Department transferred him from facility to facility, from one cellblock to the next, or to maximum security housing. Pittman further contended that during those transfers, the Department would not allow him access to legal aid, the courts, or his legal documents. While Pittman's record indicates that he was not transferred in 2020, we note that he was transferred from Rayburn Correctional Center to Dixon Correctional Institute on November 4, 2019, and from Dixon Correctional Institute to Elayn Hunt Correctional Center on January 5, 2021.

After a thorough *de novo* review, we conclude that the Department did not meet its burden and did not prove the facts essential to sustaining the exception of res judicata. Accordingly, we reverse the district court's October 31, 2024 judgment, remand this matter to the district court, and instruct the district court to consider the merits of Pittman's petition for judicial review.

## CONCLUSION

For the above and foregoing reasons, the October 31, 2024 judgment sustaining the Louisiana Department of Public Safety and Corrections' exception of res judicata and dismissing Rashaad Pittman's suit for judicial review with prejudice is reversed. This matter is remanded to the district court with instructions for the district court to consider the merits of Rashaad Pittman's claim. Costs of the appeal in the amount of $866.00 are assessed to the Louisiana Department of Public Safety and Corrections.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**